.

## CLAIMANT GOLD & SILVER RESERVE, INC.'s FIRST NOTICE OF FILING IN PARALLEL PROCEEDINGS

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

      Petitioner,

    v.                               CASE NO. 6:05-mc-71-Orl-KRS

Barry K. Downey, Director, Jackson
Trading Company; Douglas L. Jackson,
President, Jackson Trading Company;
Barry K. Downey, Director, Gold &
Silver Reserve, Inc.; Douglas L. Jackson,
President, Gold & Silver Reserve, Inc.;
Barry K. Downey; and, Douglas L.
Jackson;

      Respondents.

## RESPONDENTS' MOTION TO VACATE AUGUST 15, 2005 CONSENT ORDER ENFORCING SUMMONSES [1]

COME NOW, the Respondents, Barry K. Downey, Director, Jackson Trading Company; Douglas L. Jackson, President, Jackson Trading Company; Barry K. Downey, Director, Gold & Silver Reserve, Inc.; Douglas L. Jackson, President, Gold & Silver Reserve, Inc.; Barry K. Downey; and, Douglas L. Jackson, by and through their undersigned counsel, and move this Court to vacate the August 15, 2005 consent order enforcing summonses that was entered in this case.

**IN SUPPORT THEREOF, it is respectfully shown to the Court:**

    1.     On June 13, 2005, the United States of America, by and through Robert

---

[1] Filed contemporaneously with this motion is the Respondents' motion for the return of its property filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure in Case No.05-M-3201 which is also before this Court. Additionally, the Respondents respectfully advise the Court that a forfeiture action filed pursuant to 18 U.S.C. §§ 981, 983 and 1960 was filed by the Government against the Respondents in the District Court for the District of Columbia on December 30, 2005, Case No. 1:05CV02497, before United States District Court Judge Rosemary M. Collyer. As such, in an abundance of caution and respect, each of these motions has been copied to Judge Collyer and Assistant United States Attorneys John Roth and William Cowden who are arguing the forfeiture action on behalf of the United States Attorney's Office in Washington, D.C.

RODRIGUEZ O'DONNELL ROSS FUERST GONZALEZ WILLIAMS & ENGLAND, P.C.
TWENTY ZERO TWO ♦ 1001 BRICKELL BAY DRIVE ♦ MIAMI FLORIDA 33131
PHONE 305-350-5690 ♦ FAX 305-371-8989 ♦ E-MAIL mfuerst@rorfgw.com

Welsh, Esq. of the United States Department of Justice, Tax Division, filed its Petition to Enforce Internal Revenue Service Summonses. (The United States's Petition – including the five attached declarations signed by Revenue Officer Examiner Deenanauth P. Ganesh and the five summonses served on the Respondents – is attached hereto as Exhibit 1.)

     2.     On August 15, 2005, this Court entered its Consent Order Enforcing Summonses. (The Consent Order Enforcing Summonses is attached hereto as Exhibit 2.)

     3.     Following the entering of that Consent Order, the parties engaged in good faith efforts to allow the Petitioner to enforce (and the Respondents to comply with) the terms of the order. Meetings between the parties were scheduled in Melbourne, Florida on November 21, 2005 and December 5, 2005, however, due to scheduling conflicts on the part of both parties, those meetings were cancelled. The parties then scheduled a meeting in Melbourne, Florida on January 9, 2006.

     4.     However, on December 16, 2005, following its receipt of an affidavit prepared by United States Secret Service Special Agent Roy Dotson, this Court signed a Search Warrant for Gold & Silver Reserve, Inc., DBA Omnipay, 175 East Nasa Boulevard, Suite 300, Melbourne, FL 32901, in Case No. 05-M-3201. (The cover sheet of that Search Warrant is attached hereto as Exhibit 3). For a period of 36 hours ensuing on December 16, 2005, that Search Warrant was executed at the above-mentioned location.

     5.     During the search of the Respondents' offices, the agents and officers charged with the duty of executing the Search Warrant removed every paper, folder and file that the Respondents had gathered and compiled in their efforts to comply with the Consent Order.

     6.     The execution of the search warrant has rendered it impossible for the respondents to comply with that order. Consequently, the parties were forced to cancel their previously scheduled January 9, 2006 meeting. As of now, the Respondents have no way of meeting with the Government in good faith to resolve this matter. Thus, compliance with this Court's August 15, 2005 order has been rendered impossible. The Consent Order should therefore be vacated.

RODRIGUEZ O'DONNELL ROSS FUERST GONZALEZ WILLIAMS & ENGLAND, P.C.
TWENTY ZERO TWO ♦ 1001 BRICKELL BAY DRIVE ♦ MIAMI FLORIDA 33131
PHONE 305-350-5690 ♦ FAX 305-371-8989 ♦ E-MAIL mfuerst@rorfgw.com

7.     Additionally, the Consent Order should be vacated because the Government's conduct in this case flies in the face of the *Powell* doctrine. In *United States v. Powell*, 379 U.S. 48, 57-58 (1964), the United States Supreme Court "rejected the claim that the IRS must show probable cause to obtain enforcement of an administrative summons issued in connection with a domestic tax investigation;" *United States v. Stuart*, 489 U.S. 353, 359 (1989); *citing, Powell, supra* at 52-57. Rather, the Court held that the IRS only needed to demonstrate "good faith" in issuing the summons. *Id.* "Good faith" in issuing a summons, according to the Court, is demonstrated and defined as follows:

> [The IRS Commissioner] must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, **that the information sought is not already within the Commissioner's possession,** and that the administrative steps required by the Code have been followed -- in particular, that the 'Secretary or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

*Id.*, at 57-58; [Emphasis added]; *see also, United States v. Leventhal*, 961 F.2d 936, 940-41 (11th Cir. 1992); *United States v. McMillian*, 2006 U.S. Dist. LEXIS 161, 2 (M.D. Fla. 2006).

8.     As the direct and natural result of the execution of the Search Warrant in Case No. 05-M-3201, all of the documentation that the IRS sought through its Petition to Enforce Internal Revenue Service Summonses is *already* within the possession of the IRS. Thus, under *Powell*, any efforts by the IRS at this time (or at any time when the information it seeks is already within its possession) to enforce the terms of the Consent Order could only be viewed as "bad faith" as a matter of fact and law. As such, the Consent Order has been rendered unenforceable and should therefore be immediately vacated.

RODRIGUEZ O'DONNELL ROSS FUERST GONZALEZ WILLIAMS & ENGLAND, P.C.
TWENTY ZERO TWO ♦ 1001 BRICKELL BAY DRIVE ♦ MIAMI FLORIDA 33131
PHONE 305-350-5690 ♦ FAX 305-371-8989 ♦ E-MAIL mfuerst@rorfgw.com

CASE NO. 6:05-mc-71-Orl-KRS

WHEREFORE, for the foregoing reasons, the Respondents respectfully request that this Court vacate its August 15, 2005 Consent Order Enforcing Summonses.

/s/ Mitchell S. Fuerst
Mitchell S. Fuerst, Esq.
Florida Bar No. 264598
Andrew S. Ittleman, Esq.
Florida Bar No. 802441
Rodriguez O'Donnell Ross Fuerst
  Gonzalez Williams & England, P.C.
1001 Brickell Bay Drive
Suite 2002
Miami, FL 33131
305-350-5690 (o)
305-371-8989 (f)
mfuerst@rorfgw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing:

**RESPONDENTS' MOTION TO VACATE AUGUST 15, 2005 CONSENT ORDER ENFORCING SUMMONSES**

was served on January 31, 2006 by electronic mail upon Robert L. Welsh at the Department of Justice, Tax Division, P.O. Box 14198 Ben Franklin Station, Washington, DC 20044; William Cowden, Assistant United States Attorney, 555 4th Street, NW, Room 4824, Washington, D.C. 20530; and John Roth, Esq., Chief, Fraud and Public Corruption Section of the Office of the United States Attorney in Washington, D.C.

/s/ Mitchell S. Fuerst
Mitchell S. Fuerst, Esq.
Florida Bar No. 264598
Rodriguez O'Donnell Ross Fuerst
  Gonzalez Williams & England, P.C.
1001 Brickell Bay Drive
Suite 2002
Miami, FL 33131
305-350-5690 (o)
305-371-8989 (f)
mfuerst@rorfgw.com

RODRIGUEZ O'DONNELL ROSS FUERST GONZALEZ WILLIAMS & ENGLAND, P.C.
TWENTY ZERO TWO ♦ 1001 BRICKELL BAY DRIVE ♦ MIAMI FLORIDA 33131
PHONE 305-350-5690 ♦ FAX 305-371-8989 ♦ E-MAIL mfuerst@rorfgw.com

# RESPONDENTS' MOTION TO VACATE AUGUST 15, 2005 CONSENT ORDER ENFORCING SUMMONSES

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | 6:05-mc-71-Orl -KRS |
| Barry K. Downey, Director, Jackson | ) | |
| Trading Company; Douglas L. Jackson, | ) | |
| President, Jackson Trading Company; | ) | |
| Barry K. Downey, Director, Gold & | ) | |
| Silver Reserve, Inc.; Douglas L. Jackson, | ) | |
| President, Gold & Silver Reserve, Inc.; | ) | |
| Barry K. Downey; and, Douglas L. | ) | |
| Jackson; | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONSES

The United States of America, by and through its undersigned counsel, avers as

follows:

1.     This is a proceeding brought pursuant to Title 26 U.S.C. §§7402(b) and

7604(a) to enforce an Internal Revenue Service summonses.

2.     Deenanauth P. Ganesh is a Revenue Officer Examiner employed by the

Internal Revenue Service in Melborne, Florida and is authorized to issue a summons

pursuant to 26 U.S.C. § 7602.

3.     The address of the respondent Douglas L. Jackson is 136 Island View

Drive, Indian Harbor Beach, Florida 32937, which is within the jurisdiction of this Court.

4.    The business address of the respondent Barry K. Downey, Director of both Jackson Trading Company and Gold & Silver Reserve, Inc. is 175 E. Nasa Boulevard, Suite 300, Melborne, Florida 32901, which is within the jurisdiction of this Court.

5.    Revenue Officer Examiner Ganesh is conducting an examination to determine the correct tax liabilities of Jackson Trading Company and Gold & Silver Reserve, Inc. for the taxable years 1999, 2000 and 2001, as set forth in his declarations, which are attached hereto and incorporated by reference herein as Exhibits A, B, C and D.

6.    Revenue Officer Examiner Ganesh is conducting an examination to determine the correct tax liabilities of Barry K. Downey and Douglas L. Jackson for the taxable years January 1, 1999 through December 31, 2000, as set forth in his declarations, which are attached hereto and incorporated by reference herein as Exhibits E and F.

7.    The respondents have information and are in possession and control of books, records, papers, and other data that are relevant to the above-described examinations.

8.    On February 2, 2004, summonses were issued by Revenue Officer Ganesh, directing the respondent, Douglas L. Jackson to appear on February 24, 2004 at 9:00 a.m. to testify or produce the books, records, and other documents identified in the summonses. On February 2, 2004, Revenue Officer Ganesh served attested copies of the summonses on the respondent, Douglas L. Jackson. Copies of the summonses are attached hereto and incorporated herein as Exhibits G, H and I.

- 2 -

9.     On March 9, 2004, the respondent, Douglas L. Jackson appeared as
directed, and gave certain testimony and produced certain records but he failed to produce
documents, records and testimony concerning the e-gold system, the financial
transactions concerning the flow of funds, identities of customers and other matters, as
requested in the summonses. The respondent's refusal to comply with the summonses
continues to date.

10.     All administrative steps required for the issuance of the summonses
described in paragraph 8 have been taken.

11.     It is necessary to obtain the testimony of the respondent and to examine
the books, papers, records, and other data sought by the summons in order to determine
the correct federal tax liabilities of Jackson Trading Company and Gold & Silver
Reserve, Inc. for the taxable years 1999, 2000 and 2001and Douglas L. Jackson for the
taxable years January 1, 1999 through December 31, 2000.

12.     On February 2, 2004, summonses were issued by Revenue Officer Ganesh,
directing the respondent, Barry K. Downey to appear on February 24, 2004 at 9:00 a.m. to
testify or produce the books, records, and other documents identified in the summonses.
On February 2, 2004, Revenue Officer Ganesh served attested copies of the summonses
on the respondent, Barry K. Downey. Copies of the summonses are attached hereto and
incorporated herein as Exhibits J, K, L.

13.     On March 9, 2004, the respondent, Barry K. Downey appeared as directed,
and gave certain testimony and produced certain records but he failed to produce

- 3 -

documents, records and testimony concerning the e-gold system, financial transactions concerning the flow of funds, identities of customers and other matters, as requested in the summonses. The respondent's refusal to comply with the summonses continues to date.

14.    All administrative steps required for the issuance of the summonses described in paragraph 12 have been taken.

15.    It is necessary to obtain the testimony of the respondent and to examine the books, papers, records, and other data sought by the summons in order to determine the correct federal tax liabilities of Jackson Trading Company and Gold & Silver Reserve, Inc. for the taxable years 1999, 2000 and 2001and Barry K. Downey for the taxable years January 1, 1999 through December 31, 2000.

16.    A Justice Department referral as defined by Section 7602(d)(2) of the Internal Revenue Code of 1986 is not in effect with respect to any of the respondents for the periods under investigation.

WHEREFORE, the petitioner respectfully prays:

1.    That the Court issue an order directing the respondents to show cause, if any, why they should not fully comply with the aforementioned summons;

2.    That the Court enter an order directing the respondents to appear before Revenue Officer Ganesh or any other proper officer of the Internal Revenue Service and provide the testimony and produce the books, papers, records, and other data identified by

- 4 -

the summons at such time and place as may be fixed by Revenue Officer Ganesh or any

other proper officer of the Internal Revenue Service; and

       3.      That the Court grant such other and further relief as is just and proper.

                        PAUL I. PEREZ
                        United States Attorney

                        ROBERT L. WELSH
                        Trial Attorney, Tax Division
                        U.S. Department of Justice
                        Post Office Box 14198
                        Ben Franklin Station
                        Washington, D.C. 20044
                        Telephone: (202) 514-6068
                        Facsimile: (202) 514-9868
                        Email: Robert.L.Welsh@usdoj.gov

Deenanauth P. Ganesh, (Badge #59-06970 ) declares:

1. I, Deenanauth P. Ganesh, am a duly commissioned Revenue Agent employed in the Small Business/Self Employed Division of Area 5 of the office of the area manager of the Internal Revenue Service, 129 W. Hibiscus Blvd, Melbourne, Florida.

2. In my capacity as a Revenue Agent, I am conducting an investigation for the purpose of ascertaining the income tax liability of Jackson Trading Company for the years ending December 31, 1999 and December 31, 2000.

3. As part of the above investigation and in furtherance thereof, pursuant to 26 U.S.C. § 7602, on February 2nd, 2004, I issued an Internal Revenue Service Summons, Internal Revenue Service Form 2039-A, to Barry K. Downey, directing him to appear before me on February 24th, 2004 to testify and to produce for examination books, papers, records, or other data as described in said summons. The summons is attached to the petition as Exhibit A.

4. In accordance with 26 U.S.C. § 7602, on February 2nd, 2004, I served an attested copy of the Internal Revenue Service summons described in Paragraph 3 above on Barry K. Downey, by overnight UPS delivery to 410 Morgan Station Road, Woodbine, MD 21797.

5. On March 9th, 2004, Barry K. Downey appeared but did not comply with the summons. Barry K. Downey's refusal to comply with the summons continues to the date of this Declaration.

6. It is relevant and necessary to examine the books, records, and other papers demanded by the summons and to take the testimony in respect thereof in order to properly investigate the income tax liability of Jackson Trading Company for the years ending December 31, 1999 and December 31, 2000.

                                        **EXHIBIT A**

The testimony   documents sought by the above-   scribed summons are not presently in the possession of the Internal Revenue Service. The taxpayer has refused to produce the database of its customer records citing its user agreement that states customer records will not be disclosed unless ordered by a court of law. Records of communications between the taxpayer and its customers were not produced. The taxpayer provided bank statements, general ledger and invoices for purchase and sale of precious metals.

8.   All the administrative steps required by the Internal Revenue Code for issuance and service of a summons have been taken.

9.   There is no "Justice Department referral", in effect with respect to Respondent or any other persons whose tax liability is at issue with regard to this summons for the tax years 1999 and 2000, as that term is defined in 26 U.S.C. § 7602(d).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of April, 2004.

_Jeenath I. Ganl_

Internal Revenue Agent

Deenanauth P. Ganesh, (Badge #59-06970 ) declares:

1. I, Deenanauth P. Ganesh, am a duly commissioned Revenue Agent employed in the Small Business/Self Employed Division of Area 5 of the office of the area manager of the Internal Revenue Service, 129 W. Hibiscus Blvd, Melbourne, Florida.

2. In my capacity as a Revenue Agent, I am conducting an investigation for the purpose of ascertaining the income tax liability of Jackson Trading Company for the years ending December 31, 1999 and December 31, 2000.

3. As part of the above investigation and in furtherance thereof, pursuant to 26 U.S.C. § 7602, on February 2nd, 2004, I issued an Internal Revenue Service Summons, Internal Revenue Service Form 2039-A, to Douglas L. Jackson, directing him to appear before me on February 24th, 2004 to testify and to produce for examination books, papers, records, or other data as described in said summons. The summons is attached to the petition as Exhibit A.

4. In accordance with 26 U.S.C. § 7602, on February 2nd, 2004, I served an attested copy of the Internal Revenue Service summons described in Paragraph 3 above on Douglas L. Jackson, by handing it to him at 175 E Nasa Blvd, Melbourne, Florida.

5. On March 9th, 2004, Douglas L. Jackson appeared but did not comply with the summons. Douglas L. Jackson's refusal to comply with the summons continues to the date of this Declaration.

6. It is relevant and necessary to examine the books, records, and other papers demanded by the summons and to take the testimony in respect thereof in order to properly investigate the income tax liability of Jackson Trading Company for the years ending December 31, 1999 and December 31, 2000.

EXHIBIT B

7.  The testimony and documents sought by the above-described summons
    are not presently in the possession of the Internal Revenue
    Service.  The taxpayer has refused to produce the database of its
    customer records citing its user agreement that states customer
    records will not be disclosed unless ordered by a court of law.
    Records of communications between the taxpayer and its customers
    were not produced.  The taxpayer provided bank statements, general
    ledger and invoices for purchase and sale of precious metals.

8.  All the administrative steps required by the Internal Revenue Code
    for issuance and service of a summons have been taken.

9.  There is no "Justice Department referral", in effect with respect
    to Respondent or any other persons whose tax liability is at issue
    with regard to this summons for the tax years 1999 and 2000, as
    that term is defined in 26 U.S.C. § 7602(d).


I declare under penalty of perjury that the foregoing is true and
correct.

Executed this 5th day of April, 2004.

                    _____
                         Internal Revenue Agent

Deenanauth P. Ganesh, (Badge #59-06970 ) declares:

1. I, Deenanauth P. Ganesh, am a duly commissioned Revenue Agent
employed in the Small Business/Self Employed Division of Area 5 of
the office of the area manager of the Internal Revenue Service, 129
W. Hibiscus Blvd, Melbourne, Florida.

2. In my capacity as a Revenue Agent, I am conducting an investigation
for the purpose of ascertaining the income tax liability of Gold &
Silver Reserve Inc for the years ending December 31, 1999; December
31, 2000; and December 31, 2001.

3. As part of the above investigation and in furtherance thereof,
pursuant to 26 U.S.C. § 7602, on February 2nd, 2004, I issued an
Internal Revenue Service Summons, Internal Revenue Service Form
2039-A, to Douglas L. Jackson, directing him to appear before me on
February 24th, 2004 to testify and to produce for examination books,
papers, records, or other data as described in said summons. The
summons is attached to the petition as Exhibit A.

4. In accordance with 26 U.S.C. § 7602, on February 2nd, 2004, I served
an attested copy of the Internal Revenue Service summons described
in Paragraph 3 above on Douglas L. Jackson, by handing it to him at
175 E Nasa Blvd, Melbourne, Florida.

5. On March 9th, 2004, Douglas L. Jackson appeared but did not comply
with the summons. Douglas L. Jackson's refusal to comply with the
summons continues to the date of this Declaration.

6. It is relevant and necessary to examine the books, records, and
other papers demanded by the summons and to take the testimony in
respect thereof in order to properly investigate the income tax
liability of Gold & Silver Reserve Inc for the years ending
December 31, 1999; December 31, 2000; and December 31, 2001.

EXHIBIT C

7. The testimony and documents sought by the above described summons are not presently in the possession of the Internal Revenue Service. The taxpayer has refused to produce the database of its customer records citing its user agreement that states customer records will not be disclosed unless ordered by a court of law. Records of communications between the taxpayer and its customers were not produced. The taxpayer provided bank statements, general ledger and invoices for purchase and sale of precious metals.

8. All the administrative steps required by the Internal Revenue Code for issuance and service of a summons have been taken.

9. There is no "Justice Department referral", in effect with respect to Respondent or any other persons whose tax liability is at issue with regard to this summons for the tax years 1999, 2000 and 2001, as that term is defined in 26 U.S.C. § 7602(d).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of April, 2004.

Internal Revenue Agent

DECLARATION

Deenanauth P. Ganesh, (Badge #59-06970 ) declares:

1. I, Deenanauth P. Ganesh, am a duly commissioned Revenue Agent
   employed in the Small Business/Self Employed Division of Area 5 of
   the office of the area manager of the Internal Revenue Service, 129
   W. Hibiscus Blvd, Melbourne, Florida.

2. In my capacity as a Revenue Agent, I am conducting an investigation
   for the purpose of ascertaining the income tax liability of Gold &
   Silver Reserve Inc for the years ending December 31, 1999; December
   31, 2000; and December 31, 2001.

3. As part of the above investigation and in furtherance thereof,
   pursuant to 26 U.S.C. § 7602, on February 2nd, 2004, I issued an
   Internal Revenue Service Summons, Internal Revenue Service Form
   2039-A, to Barry K. Downey, directing him to appear before me on
   February 24th, 2004 to testify and to produce for examination books,
   papers, records, or other data as described in said summons. The
   summons is attached to the petition as Exhibit A.

4. In accordance with 26 U.S.C. § 7602, on February 2nd, 2004, I served
   an attested copy of the Internal Revenue Service summons described
   in Paragraph 3 above on Barry K. Downey, by overnight UPS delivery
   to 410 Morgan Station Road, Woodbine, MD 21797.

5. On March 9th, 2004, Barry K. Downey appeared but did not comply
   with the summons. Barry K. Downey's refusal to comply with the
   summons continues to the date of this Declaration.

6. It is relevant and necessary to examine the books, records, and
   other papers demanded by the summons and to take the testimony in
   respect thereof in order to properly investigate the income tax
   liability of Gold & Silver Reserve Inc for the years ending
   December.31, 1999; December 31, 2000; and December 31, 2001.

EXHIBIT D

are not presently in the possession of the Internal Revenue

Service.  The taxpayer has refused to produce the database of its

customer records citing its user agreement that states customer

records will not be disclosed unless ordered by a court of law.

Records of communications between the taxpayer and its customers

were not produced.  The taxpayer provided bank statements, general

ledger and invoices for purchase and sale of precious metals.

8.  All the administrative steps required by the Internal Revenue Code

for issuance and service of a summons have been taken.

9.  There is no "Justice Department referral", in effect with respect

to Respondent or any other persons whose tax liability is at issue

with regard to this summons for the tax years 1999, 2000 and 2001,

as that term is defined in 26 U.S.C. § 7602(d).

I declare under penalty of perjury that the foregoing is true and

correct.

Executed this 5th day of April, 2004.

Internal Revenue Agent

Deenanauth P. Ganesh, (Badge #59-06970 ) declares:

1.  I, Deenanauth P. Ganesh, am a duly commissioned Revenue Agent
    employed in the Small Business/Self Employed Division of Area 5 of
    the office of the area manager of the Internal Revenue Service, 129
    W. Hibiscus Blvd, Melbourne, Florida.

2.  In my capacity as a Revenue Agent, I am conducting an investigation
    for the purpose of ascertaining the income tax liability of Barry
    K. Downey for the years ending December 31, 1999 and December 31,
    2000.

3:  As part of the above investigation and in furtherance thereof,
    pursuant to 26 U.S.C. § 7602, on February 2nd, 2004, I issued an
    Internal Revenue Service Summons, Internal Revenue Service Form
    2039, to Barry K. Downey, directing him to appear before me on
    February 24, 2004 to testify and to produce for examination books,
    papers, records, or other data as described in said summons.  The
    summons is attached to the petition as Exhibit A.

4.  In accordance with 26 U.S.C. § 7602, on February 2nd, 2004, I served
    an attested copy of the Internal Revenue Service summons described
    in Paragraph 3 above on Barry K. Downey, by overnight UPS delivery
    to 410 Morgan Station Road, Woodbine, MD 21797.

5.  On March 9th, 2004, Barry K. Downey appeared but did not comply
    with the summons.  Barry K. Downey's refusal to comply with the
    summons continues to the date of this Declaration.

6.  It is relevant and necessary to examine the books, records, and
    other papers demanded by the summons and to take the testimony in
    respect thereof in order to properly investigate the income tax
    liability of Barry K. Downey for the years ending December 31, 1999
    and December 31, 2000.

EXHIBIT E

are not presently in the possession of the Internal Revenue
Service. The taxpayer produced loan documents, a checking &
savings account records, a line of credit and home equity loan
records, and documents for the creation of the Downey and Jackson
Family Trusts.

8. All the administrative steps required by the Internal Revenue Code
   for issuance and service of a summons have been taken.

9. There is no "Justice Department referral", in effect with respect
   to Respondent or any other persons whose tax liability is at issue
   with regard to this summons for the tax years 1999 and 2000, as
   that term is defined in 26 U.S.C. § 7602(d).


I declare under penalty of perjury that the foregoing is true and
correct.

Executed this 26th day of August, 2004.

Internal Revenue Agent

Deenanauth P. Ganesh, (Badge #59-06970 ) declares:

1. I, Deenanauth P. Ganesh, am a duly commissioned Revenue Agent employed in the Small Business/Self Employed Division of Area 5 of the office of the area manager of the Internal Revenue Service, 129 W. Hibiscus Blvd, Melbourne, Florida.

2. In my capacity as a Revenue Agent, I am conducting an investigation for the purpose of ascertaining the income tax liability of Douglas L. Jackson for the years ending December 31, 1999 and December 31, 2000.

3. As part of the above investigation and in furtherance thereof, pursuant to 26 U.S.C. § 7602, on February 2nd, 2004, I issued an Internal Revenue Service Summons, Internal Revenue Service Form 2039, to Douglas L. Jackson, directing him to appear before me on February 24, 2004 to testify and to produce for examination books, papers, records, or other data as described in said summons. The summons is attached to the petition as Exhibit A.

4. In accordance with 26 U.S.C. § 7602, on February 2nd, 2004, I served an attested copy of the Internal Revenue Service summons described in Paragraph 3 above on Douglas L. Jackson, by handing it to him at 175 E Nana Blvd, Melbourne, Florida.

5. On March 9th, 2004, Douglas L. Jackson appeared but did not comply with the summons. Douglas L. Jackson's refusal to comply with the summons continues to the date of this Declaration.

6. It is relevant and necessary to examine the books, records, and other papers demanded by the summons and to take the testimony in respect thereof in order to properly investigate the income tax liability of Douglas L. Jackson for the years ending December 31, 1999 and December 31, 2000.

EXHIBIT F

7.  The testimony and documents sought by the above-described summons are not presently in the possession of the Internal Revenue Service. The taxpayer produced records for a checking account and documents for the creation of the Downey and Jackson Family Trusts.

8.  All the administrative steps required by the Internal Revenue Code for issuance and service of a summons have been taken.

9.  There is no "Justice Department referral", in effect with respect to Respondent or any other persons whose tax liability is at issue with regard to this summons for the tax years 1999 and 2000, as that term is defined in 26 U.S.C. § 7602(d).


I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of August, 2004.

_____
Internal Revenue Agent

# Summons

In the matter of __Jackson Trading Company,____9600__
Internal Revenue Service (Division): __Small Business/Self-Employed__
Industry/Area (name or number): __Area 5__
Periods: __1999, 2000 & 2001__

## The Commissioner of Internal Revenue

To: __Douglas L. Jackson, President__

At: __175 E Nasa Boulevard, Suite 300, Melbourne, Florida 32901__

You are hereby summoned and required to appear before __D. Ganesh, 59-06970__
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

SEE ATTACHMENT A & B.

### EXHIBIT G

### Do not write in this space

Business address and telephone number of IRS officer before whom you are to appear:
129 West Hibiscus Blvd, Melbourne, Florida 32901, 321-674-0050 x286

Place and time for appearance at __129 West Hibiscus Blvd, Melbourne, Florida 32901__

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **IRS** | on the ___24th___ day of ___February___ , ___2004___ at ___9:00___ o'clock ___A___ m. | | | | | | |

Issued under authority of the Internal Revenue Code this __2nd__ day of __February__ , __2004__.

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

Signature of issuing officer — Revenue Agent (Title)

Signature of approving officer (if applicable) — SB/SE Group Manager (Title)

Original — to be kept by IRS

# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| 2/2/2004 | 11:45 Am |

**How Summons Was Served**

1. ☒ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____

| Signature | Title |
|---|---|
| J. Sawl | REVENUE AGENT |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____    Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|---|---|
|  |  |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
|  |  |

Form 2039 (Rev. 12-2001)

ATTACHMENT A

Jackson Trading Company, ████████9600 (Formerly Gold & Silver Reserve Inc.)

INSTRUCTIONS AND DEFINITIONS

1. If you have previously provided any of the requested information, you need not provide the information again. Instead, in response to the specific request, you may describe the previously provided information using specificity sufficient so that we can locate the requested information.

2. The term "document" is used in a comprehensive, singular and plural sense, and refers to any means of preserving thought or expression. The term "document" means, without limitation, any written, typed, photocopied, photographed, recorded, mechanical, or electronic reproduction of communications or representations, whether comprised of letters, words, numbers, pictures, sounds, symbols, computer data, or any combination thereof. Where any of the foregoing items contains any marking not appearing on the original, then such item shall be considered to be a separate original document. The term "document" also includes, without limitation and for purposes of illustration only:

   a. Contracts, agreements, plans, term sheets, summaries, opinions, studies, reports, schedules, work papers, computations, appointment calendars, telegrams, communications, memoranda, minutes, notes, comments, messages, telexes, telegrams, teletypes, cables, facsimiles, or other written notes or communications, books, graphs, printed matter, outlines of oral presentations, and all financial records, and any other writing, bulletins, announcements, press releases, brochures, notices or meetings, agendas, attendance lists, manuals, and journal entries, and alterations or modifications of the foregoing;

   b. Items designated as internal, confidential, private, or not to be disclosed;

   c. All electronic mail (e-mail), whether in a computer disk and/or any other system or device which saves historical e-mails, attachments; and

d.  Video and/or audiotapes, cassettes, films, microfilm, computer files in any format, computer disks, and computer and software programs.

3.  Except where otherwise stated, this Summons pertains to any document created during the period January 1, 1996 through December 31, 2001.

ATTACHMENT "B" TO SUMMONS: Jackson Trading Company

FOR THE YEARS: 1999, 2000 & 2001

All corporate records and books of account relative to the financial transactions of Jackson Trading Company, ███████9600 (formerly Gold & Silver Reserve Inc)

To include but not limited to:

1. All records maintained for each e-gold subscriber account for the period January 1,1999 through December 31, 2001 including but not limited to records that reflect the following information:

- Name
- Address
- Length of service
- Logon username
- Account Number
- Source of payment including any credit card or bank account number
- Records of any payments made on the subscribers behalf
- Records of income earned from each transaction

Please submit the records in hard copy or on electronic media in comma delimitated text format such as that exported from a SQL database. If the records are submitted in an electronic media format, also submit documents reflecting the column titles and their descriptions.

2. Communications and records of communications related to the accounts identified in item #1 hereinabove for the period January 1, 1999 through December 31, 2001.

3. ALL CORPORATE BOOKKEEPING RECORDS and other financial records including General Ledger, General Journals, all Subsidiary Ledgers and Journals, Gross Receipts and income records, Cash Receipts and Disbursement records and/or Journals, sales and Purchase records and/or Journals, Accounts Receivable and Payable Ledgers and records, Bad Debt records, Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency ) or bank check (cashier or teller checks) and retained copies of any bank checks (cashier or teller checks.)

All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of corporate records or tax returns.

4. SAVINGS ACCOUNT RECORDS:  Including passbooks or bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited, withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos.  Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased.

5. CHECKING ACCOUNT RECORDS: Including bank statements, deposit slips, records revealing the identity of checks drawn on the account, checks deposited, all debit and credit memos, and Forms 1099 issued. Records for all incoming and outgoing wire transfers.

6. LOAN RECORDS: Including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loans correspondence files and internal memoranda relative to these loans.

7. Contracts for telephone systems, Internet access, networking systems, computer systems, and collocated space and services at sites in which your computer systems are maintained during January1, 1996 through December 31, 2001.

8. Documents that reflect the names, addresses, and function of employees or subcontractors under your control that had physical access to your computer equipment in Orlando during January 1, 1996 through December 31, 2001.

9. Documents that show the names, addresses, and function of all individuals that had administrative access to either the operating system, your web servers, or your SQL database servers during January 1 1996 through December 31, 2001.

10. Documents and records of all registered domain names, including but not limited to: all payment records for purchase and maintenance of domain names, including but not limited to: the e-gold.com; omnipay.net; pcs.e-gold.com; digigold.net & e-dinar.com domains during the period January 1996 through December 31, 2001.

11. Cancelled checks, bank wires, contracts and other records reflecting the purchase of gold, silver, platinum, & palladium and any other metal that back the e-currency in circulation during the period January 1996 through December 31, 2001.

12. Contracts with any "market maker" or currency exchange provider as defined on your website including but not limited to Omnipay, Gitgold, Goldchanger, E-bullion, Evocash, and Netpay during the period January 1, 1996 to December 31, 2001.

13. Contracts and other documents with JP Morgan Chase, London and Transguard, Dubai relating to the purchase & storage of all precious metals/bullion, including but not limited to all invoices, wire transfers, cancelled checks, or alternative payment method during the period January 1, 1999 through December 31, 2001.

All documents during the period January 1, 1996 through December 31, 2001 establishing and relating to the e-gold Bullion Reserve Special Purpose Trust including but not limited to:

    a.  The Trust instrument along with any amendments
    b.  The list of assets used to initially fund the trust
    c.  The list of beneficiaries
    d.  The list of trustees
    e.  Any minutes or resolutions that amend the trust
    f.  Identity of each trust protector

15. All documents during the period January 1, 1996 through December 31, 2001 establishing and relating to the creation, formation, and/or funding directly or indirectly of the Jackson Family Trust, the Downey Family Trust, the Digigold Trust I and Digigold Trust II including but not limited to:

    a.  The trust instrument along with any amendments
    b.  The list of assets used to initially fund the trust
    c.  The list of beneficiaries
    d.  The list of trustees
    e.  Any minutes or resolution that amend the trust

16. Documents that support or relate to the increase in the asset account "Customer Metal" in the amount of $2,189.714.00 occurring in 1999 as reflected on your balance sheet including but not limited to purchase contracts, cancelled checks, wire transfers, credit card purchases, on line currency payments, and account workpapers for the period January 1, 1996 through December 31, 2001.

17. Provide all documents to support the increase in e-metal in circulation of $1,980.098 at December 31, 1999 as reflected on the balance sheet, including but not limited to: purchase invoices, cancelled checks, wire transfers and any other method of payment used.

18. All documents during the period January 1, 1999 through December 31, 2001 supporting or relating to payments for "Super-Originator Right #1 and #2." Provide any valuation calculations used to determine valuation to the above rights.

19. All contracts/agreements with e-dinar Ltd. Documents and bank records from January 1, 1999 to December 31, 2001 for payments made to and received from e-dinar LTD or any individual representing e-dinar LTD or e-dinar.com.

20. All contracts and documents supporting or relating to investment and earnings in Icegold and Goldchanger including cancelled checks, wire transfer or e-gold payment for the period January 1, 1999 through December 31, 2001.

21. All documents and contracts for investments in Standard Reserve Ltd and Ancien Ltd during the period January 1, 1996 to December 31, 2001. Provide all investment records and earnings from these investments during January 1, 1996 to December 31, 2001.

22. All documents for any asset or funds received from and payments to Atwater Family Partnership Ltd including but not limited to sales invoice, bank wire transfer and cancelled checks for the period January 1, 1999 through December 31, 2001.

23. All records for purchases and sales of any precious metals acquired from or sold to any precious metal dealer including but not limited to Dillon Gage Inc for the period January 1, 1996 through December 31, 2001.

24. Provide all bank, investment, e-gold account or asset accounts existing in the name of e-gold Ltd and those existing on behalf of e-gold Ltd at any time during 1999, 2000 & 2001.

    a.  Identify all persons having signature authority over each account
    b.  Provide all records for all transactions occurring through accounts

25. Provide all contracts, loans, and notes relating to liabilities or expenses of e-gold Ltd that existed during 1999, 2000 & 2001.

26. Provide contracts and documents relating to payment for Management Services, Attorney Fees and other subcontractors or persons paid on behalf of e-gold Ltd.

27. Provide all signed contracts or agreements entered into relating to the purchase or sale of any intangible assets to or from e-gold Ltd including but not limited to all addendums and amendments. Provide documents supporting where these contracts were negotiated and over what period of time they were negotiated.

28. Provide all appraisal or valuation reports used in establishing the value of intangible assets or rights transferred to e-gold Ltd during the period January 1, 1996 through December 31, 2001. Identify each intangible or intellectual property transferred to e-gold Ltd including but not limited to e-gold patents, trademarks, software and other intangibles related to the e-gold system.

**RECORD FORMAT:** In addition to hard copies, records are requested in the form of magnetic media. Data may be provided on disk, abode or excel or in ASCII delimited format. A record layout for the data is also requested.

# Summons

In the matter of  Gold & Silver Reserve Inc.  ████0023

Internal Revenue Service (Division):  Small Business/Self-Employed

Industry/Area (name or number):  Area 5

Periods: 1999, 2000 & 2001

## The Commissioner of Internal Revenue

To:  Douglas L. Jackson, President

At:  175 E Nasa Boulevard, Suite 300, Melbourne, Florida 32901

You are hereby summoned and required to appear before  D. Ganesh, 59-06970
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the Internal revenue laws concerning the person identified above for the periods shown.

SEE ATTACHMENT A & B.

EXHIBIT H

Do not write in this space

Business address and telephone number of IRS officer before whom you are to appear:

129 West Hibiscus Blvd, Melbourne, Florida 32901, 321-674-0050 X286

Place and time for appearance at  129 West Hibiscus Blvd, Melbourne, Florida 32901

**IRS**

on the ___24th___ day of ___February___, ___2004___ at ___9:00___ o'clock ___A___ m.
(year)

Issued under authority of the Internal Revenue Code this ___2nd___ day of ___February___, ___2004___.
(year)

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

Signature of Issuing officer          Revenue Agent
                                      Title

Signature of approving officer (if applicable)    SB/SE Group Manager
                                                  Title

Original — to be kept by IRS



# Service of Summons, Notice
# and Recordkeeper Certificates
### (Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| 7/2/2004 | 11:45 AM |

**How Summons Was Served**

1. ☒ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____

| Signature | Title |
|-----------|-------|
| J. Sanchh | REVENUE AGENT |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____    Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|-----------|-------|
| | |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|-----------|-------|
| | |

Form 2039 (Rev. 12-2001)

ATTACHMENT A
Gold & Silver Reserve Inc. ████████0023
INSTRUCTIONS AND DEFINITIONS

1. If you have previously provided any of the requested information, you need not provide the information again. Instead, in response to the specific request, you may describe the previously provided information using specificity sufficient so that we can locate the requested information.

2. The term "document" is used in a comprehensive, singular and plural sense, and refers to any means of preserving thought or expression. The term "document" means, without limitation, any written, typed, photocopied, photographed, recorded, mechanical, or electronic reproduction of communications or representations, whether comprised of letters, words, numbers, pictures, sounds, symbols, computer data, or any combination thereof. Where any of the foregoing items contains any marking not appearing on the original, then such item shall be considered to be a separate original document. The term "document" also includes, without limitation and for purposes of illustration only:

   a. Contracts, agreements, plans, term sheets, summaries, opinions, studies, reports, schedules, work papers, computations, appointment calendars, telegrams, communications, memoranda, minutes, notes, comments, messages, telexes, telegrams, teletypes, cables, facsimiles, or other written notes or communications, books, graphs, printed matter, outlines of oral presentations, and all financial records, and any other writing, bulletins, announcements, press releases, brochures, notices or meetings, agendas, attendance lists, manuals, and journal entries, and alterations or modifications of the foregoing;

   b. Items designated as internal, confidential, private, or not to be disclosed;

   c. All electronic mail (e-mail), whether in a computer disk and /or any other system or device which saves historical e-mails, attachments; and

    d. Video and/or audiotapes, cassettes, films, microfilm, computer files in any format, computer disks, and computer and software programs.

3. Except where otherwise stated, this Summons pertains to any document created during the period January 1, 1996 through December 31, 2001.

ATTACHMENT "B" TO SUMMONS:  Gold & Silver Reserve Inc.

FOR THE YEARS: 1999, 2000 & 2001

All corporate records and books of account relative to the financial transactions of Gold & Silver Reserve Inc., ▨▨▨0023

To include but not limited to:
1. All records maintained for each e-gold subscriber account for the period January 1,1999 through December 31, 2001 including but not limited to records that reflect the following information:
- Name
- Address
- Length of service
- Logon username
- Account Number
- Source of payment including any credit card or bank account number
- Records of any payments made on the subscribers behalf
- Records of income earned from each transaction

Please submit the records in hard copy or on electronic media in comma delimitated text format such as that exported from a SQL database. If the records are submitted in an electronic media format, also submit documents reflecting the column titles and their descriptions.

2. Communications and records of communications related to the accounts identified in item #1 hereinabove for the period January 1, 1999 through December 31, 2001.

3. ALL CORPORATE BOOKKEEPING RECORDS and other financial records including General Ledger, General Journals, all Subsidiary Ledgers and Journals, Gross Receipts and income records, Cash Receipts and Disbursement records and/or Journals, sales and Purchase records and/or Journals, Accounts Receivable and Payable Ledgers and records, Bad Debt records, Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency ) or bank check (cashier or teller checks) and retained copies of any bank checks (cashier or teller checks.)

All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of corporate records or tax returns.

4. SAVINGS ACCOUNT RECORDS:  Including passbooks or bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited, withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos.  Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased.

5. CHECKING ACCOUNT RECORDS: Including bank statements, deposit slips, records revealing the identity of checks drawn on the account, checks deposited, all debit and credit memos, and Forms 1099 issued. Records for all incoming and outgoing wire transfers.

6. LOAN RECORDS: Including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loans correspondence files and internal memoranda relative to these loans.

7. Contracts for telephone systems, Internet access, networking systems, computer systems, and collocated space and services at sites in which your computer systems are maintained during January1, 1996 through December 31, 2001.

8. Documents that reflect the names, addresses, and function of employees or subcontractors under your control that had physical access to your computer equipment in Orlando during January 1, 1996 through December 31, 2001.

9. Documents that show the names, addresses, and function of all individuals that had administrative access to either the operating system, your web servers, or your SQL database servers during January 1 1996 through December 31, 2001.

10. Documents and records of all registered domain names, including but not limited to: all payment records for purchase and maintenance of domain names, including but not limited to: the e-gold.com; omnipay.net; pcs.e-gold.com; digigold.net & e-dinar.com domains during the period January 1996 through December 31, 2001.

11. Cancelled checks, bank wires, contracts and other records reflecting the purchase of gold, silver, platinum, & palladium and any other metal that back the e-currency in circulation during the period January 1996 through December 31, 2001.

12. Contracts with any "market maker" or currency exchange provider as defined on your website including but not limited to Omnipay, Gitgold, Goldchanger, E-bullion, Evocash, and Netpay during the period January 1, 1996 to December 31, 2001.

13. Contracts and other documents with JP Morgan Chase, London and Transguard, Dubai relating to the purchase & storage of all precious metals/bullion, including but not limited to all invoices, wire transfers, cancelled checks, or alternative payment method during the period January 1, 1999 through December 31, 2001.

14. All documents during the period January 1, 1996 through December 31, 2001  establishing and relating to the e-gold Bullion Reserve Special Purpose Trust including but not limited to:

    a.  The Trust instrument along with any amendments
    b.  The list of assets used to initially fund the trust
    c.  The list of beneficiaries
    d.  The list of trustees
    e.  Any minutes or resolutions that amend the trust
    f.  Identity of each trust protector

15. All documents during the period January 1, 1996 through December 31, 2001 establishing and relating to the creation, formation, and/or funding directly or indirectly of the Jackson Family Trust, the Downey Family Trust, the Digigold Trust I and Digigold Trust II including but not limited to:

    a.  The trust instrument along with any amendments
    b.  The list of assets used to initially fund the trust
    c.  The list of beneficiaries
    d.  The list of trustees
    e.  Any minutes or resolution that amend the trust

16. Documents that support or relate to the increase in the asset account "Customer Metal" in the amount of  $2,189.714.00 occurring in 1999 as reflected on your balance sheet including but not limited to purchase contracts, cancelled checks, wire transfers, credit card purchases, on line currency payments, and account workpapers for the period January 1, 1996 through December 31, 2001.

17. Provide all documents to support the increase in e-metal in circulation of $1,980.098 at December 31, 1999 as reflected on the balance sheet, including but not limited to: purchase invoices, cancelled checks, wire transfers and any other method of payment used.

18. All documents during the period January 1, 1999 through December 31, 2001 supporting or relating to payments for  "Super-Originator Right #1 and #2."  Provide any valuation calculations used to determine valuation to the above rights.

19. All contracts/agreements with e-dinar Ltd.  Documents and bank records from January 1, 1999 to December 31, 2001 for payments made to and received from e-dinar LTD or any individual representing e-dinar LTD or e-dinar.com.

20. All contracts and documents supporting or relating to investment and earnings in Icegold and Goldchanger including cancelled checks, wire transfer or e-gold payment for the period January 1, 1999 through December 31, 2001.

21. All documents and contracts for investments in Standard Reserve Ltd and Ancien Ltd during the period January 1, 1996 to December 31, 2001.  Provide all investment records and earnings from these investments during January 1, 1996 to December 31, 2001.

22. All documents for any asset or funds received from and payments to Atwater Family Partnership Ltd including but not limited to sales invoice, bank wire transfer and cancelled checks for the period January 1, 1999 through December 31, 2001.

23. All records for purchases and sales of any precious metals acquired from or sold to any precious metal dealer including but not limited to Dillon Gage Inc for the period January 1, 1996 through December 31, 2001.

24. Provide all bank, investment, e-gold account or asset accounts existing in the name of e-gold Ltd and those existing on behalf of e-gold Ltd at any time during 1999, 2000 & 2001.

     a.  Identify all persons having signature authority over each account
     b.  Provide all records for all transactions occurring through accounts

25. Provide all contracts, loans, and notes relating to liabilities or expenses of e-gold Ltd that existed during 1999, 2000 & 2001.

26. Provide contracts and documents relating to payment for Management Services, Attorney Fees and other subcontractors or persons paid on behalf of e-gold Ltd.

27. Provide all signed contracts or agreements entered into relating to the purchase or sale of any intangible assets to or from e-gold Ltd including but not limited to all addendums and amendments. Provide documents supporting where these contracts were negotiated and over what period of time they were negotiated.

28. Provide all appraisal or valuation reports used in establishing the value of intangible assets or rights transferred to e-gold Ltd during the period January 1, 1996 through December 31, 2001. Identify each intangible or intellectual property transferred to e-gold Ltd including but not limited to e-gold patents, trademarks, software and other intangibles related to the e-gold system.

RECORD FORMAT: In addition to hard copies, records are requested in the form of magnetic media. Data may be provided on disk, abode or excel or in ASCII delimited format. A record layout for the data is also requested.

# Summons

In the matter of  Douglas L. Jackson, ~~XXX-XX~~3683

Internal Revenue Service (Division):  Small Business/Self-Employed

Industry/Area (name or number):  Area 5

Periods: January 1, 1999 through December 31, 2000

## The Commissioner of Internal Revenue

To: Douglas L. Jackson

At: 1081 Hyde Park Lane, Melbourne, Florida 32935

You are hereby summoned and required to appear before  D. Ganesh, 59-06970
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the Internal revenue laws concerning the person identified above for the periods shown.

1. All savings account records: Including passbooks, or bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited, withdrawal slips, and records disclosing the disposition of withdrawals. Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased.
2. All checking and investment accounts records: Including bank statements, deposit slips, records revealing the identity of checks drawn on the accounts, checks deposited and all debit and credit memos. Records for all incoming and outgoing wire transfers.
3. Loan Records:  Including applications, financial statements, loan collateral, credit and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records on any liens, loans correspondence files and memoranda relative to these loans.
4. All documents and records for the sale of business practice including closing statement, sale agreements, and records for receipt of all proceeds received including any proceeds received  on an installment sale basis.
5. All documents and financial records for contributions of capital to Jackson Trading Company including cancelled checks, wire transfers and alternative payment methods.
6. All documents and records for deposits and withdrawals from all e-gold accounts owned or controlled.
7. All documents relating to the creation, formations and/or funding directly or indirectly of the Jackson Family Trust, Downey Family Trust, Digigold Trust I and Digigold Trust II.

### Do not write in this space

EXHIBIT I

Business address and telephone number of IRS officer before whom you are to appear:

129 West Hibiscus Blvd, Melbourne, Florida 32901, 321-674-0050 X286

Place and time for appearance at  129 West Hibiscus Blvd, Melbourne, Florida 32901

**IRS**

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the _____ 24th _____ day of _____ February _____ 2004 _____ at _____ 9:00 _____ o'clock _____ A _____ m.

Issued under authority of the Internal Revenue Code this _____ 2nd _____ day of _____ February _____ , _____ 2004 _____ (year)

Signature of issuing officer

Revenue Agent
Title

Signature of approving officer (if applicable)

SB/SE Group Manager
Title

Original — to be kept by IRS



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| 2/2/2004 | 11:45 Am |

**How Summons Was Served**

1. ☒ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____

| Signature | Title |
|---|---|
| J. Sauh | REVENUE AGENT |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____   Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|---|---|
| | |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| | |

Form 2039 (Rev. 12-2001)

# Summons

In the matter of <u>Jackson Trading Company,  9600</u>

Internal Revenue Service (Division):  <u>Small Business/Self-Employed</u>
Industry/Area (name or number):  <u>Area 5</u>

Periods: <u>1999, 2000 & 2001</u>

## The Commissioner of Internal Revenue

To: <u>Barry K. Downey, Director</u>

At: <u>175 E Nasa Boulevard, Suite 300, Melbourne, Florida 32901</u>

You are hereby summoned and required to appear before <u>D. Ganesh, 59-06970</u>
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the Internal revenue laws concerning the person identified above for the periods shown.

SEE ATTACHMENT A & B.

EXHIBIT J

Do not write in this space

Business address and telephone number of IRS officer before whom you are to appear:

<u>129 West Hibiscus Blvd, Melbourne, Florida 32901, 321-674-0050 x286</u>

Place and time for appearance at <u>129 West Hibiscus Blvd, Melbourne, Florida 32901</u>

| | | |
|---|---|---|
| **IRS** | on the <u>24th</u> day of <u>February</u>, <u>2004</u> at <u>9:00</u> o'clock <u>A</u> m. | |
| Department of the Treasury Internal Revenue Service | Issued under authority of the Internal Revenue Code this <u>2nd</u> day of <u>February</u>, <u>2004</u> | |
| www.irs.gov | _Signature of issuing officer_ | Revenue Agent |
| | | Title |
| Form 2039 (Rev. 12-2001) Catalog Number 21405J | _Signature of approving officer (if applicable)_ | SB/SE Group Manager |
| | | Title |
| | | Original — to be kept by IRS |



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| FEB 2, 2004 | 09:00 |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☒ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): VIA MAIL

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____

| Signature | Title |
|-----------|-------|
| Sarah | REVENUE AGENT |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____    Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|-----------|-------|
|  |  |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|-----------|-------|
|  |  |

Form 2039 (Rev. 12-2001)

ATTACHMENT A

Jackson Trading Company, ▓▓▓▓ 9600 (Formerly Gold & Silver Reserve Inc.)

INSTRUCTIONS AND DEFINITIONS

1. If you have previously provided any of the requested information, you need not provide the information again. Instead, in response to the specific request, you may describe the previously provided information using specificity sufficient so that we can locate the requested information.

2. The term "document" is used in a comprehensive, singular and plural sense, and refers to any means of preserving thought or expression. The term "document" means, without limitation, any written, typed, photocopied, photographed, recorded, mechanical, or electronic reproduction of communications or representations, whether comprised of letters, words, numbers, pictures, sounds, symbols, computer data, or any combination thereof. Where any of the foregoing items contains any marking not appearing on the original, then such item shall be considered to be a separate original document. The term "document" also includes, without limitation and for purposes of illustration only:

   a. Contracts, agreements, plans, term sheets, summaries, opinions, studies, reports, schedules, work papers, computations, appointment calendars, telegrams, communications, memoranda, minutes, notes, comments, messages, telexes, telegrams, teletypes, cables, facsimiles, or other written notes or communications, books, graphs, printed matter, outlines of oral presentations, and all financial records, and any other writing, bulletins, announcements, press releases, brochures, notices or meetings, agendas, attendance lists, manuals, and journal entries, and alterations or modifications of the foregoing;

   b. Items designated as internal, confidential, private, or not to be disclosed;

   c. All electronic mail (e-mail), whether in a computer disk and /or any other system or device which saves historical e-mails, attachments; and

    d. Video and/or audiotapes, cassettes, films, microfilm, computer files in any format, computer disks, and computer and software programs.

3. Except where otherwise stated, this Summons pertains to any document created during the period January 1, 1996 through December 31, 2001.

ATTACHMENT "B" TO SUMMONS: Jackson Trading Company

FOR THE YEARS: 1999, 2000 & 2001

All corporate records and books of account relative to the financial transactions of Jackson Trading Company, ~~9600~~ (formerly Gold & Silver Reserve Inc)

To include but not limited to:

1. All records maintained for each e-gold subscriber account for the period January 1,1999 through December 31, 2001 including but not limited to records that reflect the following information:

- Name
- Address
- Length of service
- Logon username
- Account Number
- Source of payment including any credit card or bank account number
- Records of any payments made on the subscribers behalf
- Records of income earned from each transaction

Please submit the records in hard copy or on electronic media in comma delimited text format such as that exported from a SQL database. If the records are submitted in an electronic media format, also submit documents reflecting the column titles and their descriptions.

2. Communications and records of communications related to the accounts identified in item #1 hereinabove for the period January 1, 1999 through December 31, 2001.

3. ALL CORPORATE BOOKKEEPING RECORDS and other financial records including General Ledger, General Journals, all Subsidiary Ledgers and Journals, Gross Receipts and income records, Cash Receipts and Disbursement records and/or Journals, sales and Purchase records and/or Journals, Accounts Receivable and Payable Ledgers and records, Bad Debt records, Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency ) or bank check (cashier or teller checks) and retained copies of any bank checks (cashier or teller checks.)

All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of corporate records or tax returns.

4. SAVINGS ACCOUNT RECORDS: Including passbooks or bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited, withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos. Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased.

5. CHECKING ACCOUNT RECORDS: Including bank statements, deposit slips, records revealing the identity of checks drawn on the account, checks deposited, all debit and credit memos, and Forms 1099 issued. Records for all incoming and outgoing wire transfers.

6. LOAN RECORDS: Including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loans correspondence files and internal memoranda relative to these loans.

7. Contracts for telephone systems, Internet access, networking systems, computer systems, and collocated space and services at sites in which your computer systems are maintained during January1, 1996 through December 31, 2001.

8. Documents that reflect the names, addresses, and function of employees or subcontractors under your control that had physical access to your computer equipment in Orlando during January 1, 1996 through December 31, 2001.

9. Documents that show the names, addresses, and function of all individuals that had administrative access to either the operating system, your web servers, or your SQL database servers during January 1 1996 through December 31, 2001.

10. Documents and records of all registered domain names, including but not limited to: all payment records for purchase and maintenance of domain names, including but not limited to: the e-gold.com; omnipay.net; pcs.e-gold.com; digigold.net & e-dinar.com domains during the period January 1996 through December 31, 2001.

11. Cancelled checks, bank wires, contracts and other records reflecting the purchase of gold, silver, platinum, & palladium and any other metal that back the e-currency in circulation during the period January 1996 through December 31, 2001.

12. Contracts with any "market maker" or currency exchange provider as defined on your website including but not limited to Omnipay, Gitgold, Goldchanger, E-bullion, Evocash, and Netpay during the period January 1, 1996 to December 31, 2001.

13. Contracts and other documents with JP Morgan Chase, London and Transguard, Dubai relating to the purchase & storage of all precious metals/bullion, including but not limited to all invoices, wire transfers, cancelled checks, or alternative payment method during the period January 1, 1999 through December 31, 2001.

14. All documents during the period January 1, 1996 through December 31, 2001 establishing and relating to the e-gold Bullion Reserve Special Purpose Trust including but not limited to:

    a. The Trust instrument along with any amendments
    b. The list of assets used to initially fund the trust
    c. The list of beneficiaries
    d. The list of trustees
    e. Any minutes or resolutions that amend the trust
    f. Identity of each trust protector

15. All documents during the period January 1, 1996 through December 31, 2001 establishing and relating to the creation, formation, and/or funding directly or indirectly of the Jackson Family Trust, the Downey Family Trust, the Digigold Trust I and Digigold Trust II including but not limited to:

    a. The trust instrument along with any amendments
    b. The list of assets used to initially fund the trust
    c. The list of beneficiaries
    d. The list of trustees
    e. Any minutes or resolution that amend the trust

16. Documents that support or relate to the increase in the asset account "Customer Metal" in the amount of $2,189.714.00 occurring in 1999 as reflected on your balance sheet including but not limited to purchase contracts, cancelled checks, wire transfers, credit card purchases, on line currency payments, and account workpapers for the period January 1, 1996 through December 31, 2001.

17. Provide all documents to support the increase in e-metal in circulation of $1,980.098 at December 31, 1999 as reflected on the balance sheet, including but not limited to: purchase invoices, cancelled checks, wire transfers and any other method of payment used.

18. All documents during the period January 1, 1999 through December 31, 2001 supporting or relating to payments for "Super-Originator Right #1 and #2." Provide any valuation calculations used to determine valuation to the above rights.

19. All contracts/agreements with e-dinar Ltd. Documents and bank records from January 1, 1999 to December 31, 2001 for payments made to and received from e-dinar LTD or any individual representing e-dinar LTD or e-dinar.com.

20. All contracts and documents supporting or relating to investment and earnings in Icegold and Goldchanger including cancelled checks, wire transfer or e-gold payment for the period January 1, 1999 through December 31, 2001.

21. All documents and contracts for investments in Standard Reserve Ltd and Ancien Ltd during the period January 1, 1996 to December 31, 2001. Provide all investment records and earnings from these investments during January 1, 1996 to December 31, 2001.

22. All documents for any asset or funds received from and payments to Atwater Family Partnership Ltd including but not limited to sales invoice, bank wire transfer and cancelled checks for the period January 1, 1999 through December 31, 2001.

23. All records for purchases and sales of any precious metals acquired from or sold to any precious metal dealer including but not limited to Dillon Gage Inc for the period January 1, 1996 through December 31, 2001.

24. Provide all bank, investment, e-gold account or asset accounts existing in the name of e-gold Ltd and those existing on behalf of e-gold Ltd at any time during 1999, 2000 & 2001.

    a. Identify all persons having signature authority over each account.
    b. Provide all records for all transactions occurring through accounts

25. Provide all contracts, loans, and notes relating to liabilities or expenses of e-gold Ltd that existed during 1999, 2000 & 2001.

26. Provide contracts and documents relating to payment for Management Services, Attorney Fees and other subcontractors or persons paid on behalf of e-gold Ltd.

27. Provide all signed contracts or agreements entered into relating to the purchase or sale of any intangible assets to or from e-gold Ltd including but not limited to all addendums and amendments. Provide documents supporting where these contracts were negotiated and over what period of time they were negotiated.

28. Provide all appraisal or valuation reports used in establishing the value of intangible assets or rights transferred to e-gold Ltd during the period January 1, 1996 through December 31, 2001. Identify each intangible or intellectual property transferred to e-gold Ltd including but not limited to e-gold patents, trademarks, software and other intangibles related to the e-gold system.

**RECORD FORMAT:** In addition to hard copies, records are requested in the form of magnetic media. Data may be provided on disk, abode or excel or in ASCII delimited format. A record layout for the data is also requested.

# Summons

In the matter of  Gold & Silver Reserve Inc. _____0023

Internal Revenue Service (Division):  Small Business/Self-Employed
Industry/Area (name or number):  Area 5

Periods:  1999, 2000 & 2001

## The Commissioner of Internal Revenue

To:  Barry K. Downey, Director

At:  175 E Nasa Boulevard, Suite 300, Melbourne, Florida 32901

You are hereby summoned and required to appear before  D. Ganesh, 59-06970
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

SEE ATTACHMENT A & B.

EXHIBIT K

### Do not write in this space

Business address and telephone number of IRS officer before whom you are to appear:
129 West Hibiscus Blvd, Melbourne, Florida 32901, 321-674-0050 X286

Place and time for appearance at  129 West Hibiscus Blvd, Melbourne, Florida 32901

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| on the | 24th | day of | February | 2004 *(year)* | at | 9:00 | o'clock | A m. |

Issued under authority of the Internal Revenue Code this  2nd  day of  February , 2004 *(year)*

**IRS**
Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

Signature of issuing officer — Revenue Agent *(Title)*

Signature of approving officer *(if applicable)* — SB/SE Group Manager *(Title)*

Original — to be kept by IRS



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| FEB 2ND, 2004 | 09:00 |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☑ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): VIA MAIL

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address:

| Signature | Title |
|-----------|-------|
| J. Sarah | REVENUE AGENT |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____  Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|-----------|-------|
|  |  |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|-----------|-------|
|  |  |

Form 2039 (Rev. 12-2001)

ATTACHMENT A

Gold & Silver Reserve Inc. ███████0023

INSTRUCTIONS AND DEFINITIONS

1. If you have previously provided any of the requested information, you need not provide the information again. Instead, in response to the specific request, you may describe the previously provided information using specificity sufficient so that we can locate the requested information.

2. The term "document" is used in a comprehensive, singular and plural sense, and refers to any means of preserving thought or expression. The term "document" means, without limitation, any written, typed, photocopied, photographed, recorded, mechanical, or electronic reproduction of communications or representations, whether comprised of letters, words, numbers, pictures, sounds, symbols, computer data, or any combination thereof. Where any of the foregoing items contains any marking not appearing on the original, then such item shall be considered to be a separate original document. The term "document" also includes, without limitation and for purposes of illustration only:

   a. Contracts, agreements, plans, term sheets, summaries, opinions, studies, reports, schedules, work papers, computations, appointment calendars, telegrams, communications, memoranda, minutes, notes, comments, messages, telexes, telegrams, teletypes, cables, facsimiles, or other written notes or communications, books, graphs, printed matter, outlines of oral presentations, and all financial records, and any other writing, bulletins, announcements, press releases, brochures, notices or meetings, agendas, attendance lists, manuals, and journal entries, and alterations or modifications of the foregoing;

   b. Items designated as internal, confidential, private, or not to be disclosed;

   c. All electronic mail (e-mail), whether in a computer disk and /or any other system or device which saves historical e-mails, attachments; and

d. Video and/or audiotapes, cassettes, films, microfilm, computer files in any format, computer disks, and computer and software programs.

3. Except where otherwise stated, this Summons pertains to any document created during the period January 1, 1996 through December 31, 2001.

ATTACHMENT "B" TO SUMMONS:  Gold & Silver Reserve Inc.

FOR THE YEARS: 1999, 2000 & 2001

All corporate records and books of account relative to the financial transactions of Gold & Silver Reserve Inc., ▆▆▆▆0023

To include but not limited to:

1. All records maintained for each e-gold subscriber account for the period January 1,1999 through December 31, 2001 including but not limited to records that reflect the following information:
   - Name
   - Address
   - Length of service
   - Logon username
   - Account Number
   - Source of payment including any credit card or bank account number
   - Records of any payments made on the subscribers behalf
   - Records of income earned from each transaction

Please submit the records in hard copy or on electronic media in comma delimitated text format such as that exported from a SQL database. If the records are submitted in an electronic media format, also submit documents reflecting the column titles and their descriptions.

2. Communications and records of communications related to the accounts identified in item #1 hereinabove for the period January 1, 1999 through December 31, 2001.

3. ALL CORPORATE BOOKKEEPING RECORDS and other financial records including General Ledger, General Journals, all Subsidiary Ledgers and Journals, Gross Receipts and income records, Cash Receipts and Disbursement records and/or Journals, sales and Purchase records and/or Journals, Accounts Receivable and Payable Ledgers and records, Bad Debt records, Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency ) or bank check (cashier or teller checks) and retained copies of any bank checks (cashier or teller checks.)

All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of corporate records or tax returns.

4. SAVINGS ACCOUNT RECORDS:  Including passbooks or bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited, withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos. Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased.

5. CHECKING ACCOUNT RECORDS: Including bank statements, deposit slips, records revealing the identity of checks drawn on the account, checks deposited, all debit and credit memos, and Forms 1099 issued. Records for all incoming and outgoing wire transfers.

6. LOAN RECORDS: Including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loans correspondence files and internal memoranda relative to these loans.

7. Contracts for telephone systems, Internet access, networking systems, computer systems, and collocated space and services at sites in which your computer systems are maintained during January1, 1996 through December 31, 2001.

8. Documents that reflect the names, addresses, and function of employees or subcontractors under your control that had physical access to your computer equipment in Orlando during January 1, 1996 through December 31, 2001.

9. Documents that show the names, addresses, and function of all individuals that had administrative access to either the operating system, your web servers, or your SQL database servers during January 1 1996 through December 31, 2001.

10. Documents and records of all registered domain names, including but not limited to: all payment records for purchase and maintenance of domain names, including but not limited to: the e-gold.com; omnipay.net; pcs.e-gold.com; digigold.net & e-dinar.com domains during the period January 1996 through December 31, 2001.

11. Cancelled checks, bank wires, contracts and other records reflecting the purchase of gold, silver, platinum, & palladium and any other metal that back the e-currency in circulation during the period January 1996 through December 31, 2001.

12. Contracts with any "market maker" or currency exchange provider as defined on your website including but not limited to Omnipay, Gitgold, Goldchanger, E-bullion, Evocash, and Netpay during the period January 1, 1996 to December 31, 2001.

13. Contracts and other documents with JP Morgan Chase, London and Transguard, Dubai relating to the purchase & storage of all precious metals/bullion, including but not limited to all invoices, wire transfers, cancelled checks, or alternative payment method during the period January 1, 1999 through December 31, 2001.

14. All documents during the period January 1, 1996 through December 31, 2001 establishing and relating to the e-gold Bullion Reserve Special Purpose Trust including but not limited to:

    a. The Trust instrument along with any amendments
    b. The list of assets used to initially fund the trust
    c. The list of beneficiaries
    d. The list of trustees
    e. Any minutes or resolutions that amend the trust
    f. Identity of each trust protector

15. All documents during the period January 1, 1996 through December 31, 2001 establishing and relating to the creation, formation, and/or funding directly or indirectly of the Jackson Family Trust, the Downey Family Trust, the Digigold Trust I and Digigold Trust II including but not limited to:

    a. The trust instrument along with any amendments
    b. The list of assets used to initially fund the trust
    c. The list of beneficiaries
    d. The list of trustees
    e. Any minutes or resolution that amend the trust

16. Documents that support or relate to the increase in the asset account "Customer Metal" in the amount of $2,189.714.00 occurring in 1999 as reflected on your balance sheet including but not limited to purchase contracts, cancelled checks, wire transfers, credit card purchases, on line currency payments, and account workpapers for the period January 1, 1996 through December 31, 2001.

17. Provide all documents to support the increase in e-metal in circulation of $1,980.098 at December 31, 1999 as reflected on the balance sheet, including but not limited to: purchase invoices, cancelled checks, wire transfers and any other method of payment used.

18. All documents during the period January 1, 1999 through December 31, 2001 supporting or relating to payments for "Super-Originator Right #1 and #2." Provide any valuation calculations used to determine valuation to the above rights.

19. All contracts/agreements with e-dinar Ltd. Documents and bank records from January 1, 1999 to December 31, 2001 for payments made to and received from e-dinar LTD or any individual representing e-dinar LTD or e-dinar.com.

20. All contracts and documents supporting or relating to investment and earnings in Icegold and Goldchanger including cancelled checks, wire transfer or e-gold payment for the period January 1, 1999 through December 31, 2001.

21. All documents and contracts for investments in Standard Reserve Ltd and Ancien Ltd during the period January 1, 1996 to December 31, 2001. Provide all investment records and earnings from these investments during January 1, 1996 to December 31, 2001.

22. All documents for any asset or funds received from and payments to Atwater Family Partnership Ltd including but not limited to sales invoice, bank wire transfer and cancelled checks for the period January 1, 1999 through December 31, 2001.

23. All records for purchases and sales of any precious metals acquired from or sold to any precious metal dealer including but not limited to Dillon Gage Inc for the period January 1, 1996 through December 31, 2001.

24. Provide all bank, investment, e-gold account or asset accounts existing in the name of e-gold Ltd and those existing on behalf of e-gold Ltd at any time during 1999, 2000 & 2001.

    a.  Identify all persons having signature authority over each account
    b.  Provide all records for all transactions occurring through accounts

25. Provide all contracts, loans, and notes relating to liabilities or expenses of e-gold Ltd that existed during 1999, 2000 & 2001.

26. Provide contracts and documents relating to payment for Management Services, Attorney Fees and other subcontractors or persons paid on behalf of e-gold Ltd.

27. Provide all signed contracts or agreements entered into relating to the purchase or sale of any intangible assets to or from e-gold Ltd including but not limited to all addendums and amendments. Provide documents supporting where these contracts were negotiated and over what period of time they were negotiated.

28. Provide all appraisal or valuation reports used in establishing the value of intangible assets or rights transferred to e-gold Ltd during the period January 1, 1996 through December 31, 2001. Identify each intangible or intellectual property transferred to e-gold Ltd including but not limited to e-gold patents, trademarks, software and other intangibles related to the e-gold system.

**RECORD FORMAT:** In addition to hard copies, records are requested in the form of magnetic media. Data may be provided on disk, abode or excel or in ASCII delimited format. A record layout for the data is also requested.

# Summons

In the matter of  Barry K. Downwy, ~~~~~704

Internal Revenue Service (Division):  Small Business/Self-Employed

Industry/Area (name or number):  Area 5

Periods: January 1, 1999 through December 31, 2000

## The Commissioner of Internal Revenue

To:  Barry K. Downey

At:  410 Morgan Station Road, Woodbine, MD 21797-8755

You are hereby summoned and required to appear before  D. Ganesh, 59-06970
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

1. All savings account records: Including passbooks, or bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited, withdrawal slips, and records disclosing the disposition of withdrawals. Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased.

2. All checking and investment accounts records: Including bank statements, deposit slips, records revealing the identity of checks drawn on the accounts, checks deposited and all debit and credit memos. Records for all incoming and outgoing wire transfers.

3. Loan Records:  Including applications, financial statements, loan collateral, credit and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records on any liens, loans correspondence files and memoranda relative to these loans.

4. All documents and financial records for contributions of capital to Jackson Trading Company including cancelled checks, wire transfers and alternative payment methods.

5. All documents and records for deposits and withdrawals from all e-gold accounts owned or controlled.

6. All documnts relating to the creation, formations and/or funding directly or indirectly of the Jackson Family Trust, Downey Family Trust, Digigold Trust I and Digigold Trust II.

---

### Do not write in this space

### EXHIBIT L

Business address and telephone number of IRS officer before whom you are to appear:

129 West Hibiscus Blvd, Melbourne, Florida 32901, 321-674-0050 X286

Place and time for appearance at 129 West Hibiscus Blvd, Melbourne, Florida 32901

**IRS**

on the ___24th___ day of ___February___ , ___2004___ at ___9:00___ o'clock ___A___ m.

Issued under authority of the Internal Revenue Code this ___2nd___ day of ___February___ , ___2004___

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

Signature of issuing officer

Signature of approving officer (if applicable)

Revenue Agent
Title

SB/SE Group Manager
Title

Original — to be kept by IRS



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| FEB 2ⁿᵈ, 2004 | 09:00 |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☒ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): VIA MAIL

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____

| Signature | Title |
|-----------|-------|
| J. Gonesh | REVENUE AGENT |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____  Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|-----------|-------|
|           |       |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|-----------|-------|
|           |       |

Form 2039 (Rev. 12-2001)

**RESPONDENTS' MOTION TO VACATE AUGUST 15, 2005
CONSENT ORDER ENFORCING SUMMONSES**

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    Petitioner,

    v.                                                      CASE NO. 6:05-mc-71-Orl-KRS

Barry K. Downey, Director, Jackson
Trading Company; Douglas L. Jackson,
President, Jackson Trading Company;
Barry K. Downey, Director, Gold &
Silver Reserve, Inc.; Douglas L. Jackson,
President, Gold & Silver Reserve, Inc.;
Barry K. Downey; and, Douglas L.
Jackson;

    Respondents.

## CONSENT ORDER ENFORCING SUMMONSES

    This matter came before the Court on the United States' petition to enforce
Internal Revenue Service administrative summonses. (Doc. No. 1). Based upon the
declarations of Revenue Officer Examiner Deenanauth P. Ganesh of the Internal Revenue
Service, the statements of the undersigned counsel for the Respondents and the Petitioner
to the Court on July 7, 2005, and as agreed by the parties, the Court finds that the motion
is due to be, and is hereby, GRANTED.

1

It is **ORDERED** that the Respondents shall appear and give testimony and produce certain books, records, papers and other data as required by the Internal Revenue Service summonses served February 2, 2004, as follows:

1. They shall produce the documents as set forth below not later than 10:00 a.m. on August 19, 2005 at 175 E. NASA Boulevard, Suite 300, Melbourne, Florida 32901 and give testimony at the time and place required by the Internal Revenue Service.

2. They shall produce, and when instructed by the Internal Revenue Service, testify about the following records:

A. As to the Summonses, Exhibits G and H (Attachments B) to the Petition to Enforce Internal Revenue Summonses, Douglas L. Jackson shall:

Produce, in lieu of paragraph 1 of the Summons, the documents specified in Information Document Request number 12, dated March 24, 2005, as to 1999 and 2000. As to 2001, the Internal Revenue Service acknowledges that Respondent has previously fully complied with the summons. However, as to 2001, Respondent shall furnish an Excel Spreadsheet containing the transaction information previously furnished but adding customer account numbers and shall furnish a second Excel Spreadsheet showing customer names matched to addresses and account numbers.

Produce the documents requested in paragraph 2.

Produce the documents requested in paragraph 14.

19. Produce the documents requested in paragraph 19.

22. Produce the documents requested as to 1999 and 2000, the Internal

2

Revenue Service acknowledges that Respondent has previously fully complied with the summons as to 2001.

24. The Internal Revenue Service acknowledges that Respondent has previously fully complied with the summons, provided that Respondent shall search for additional documents and produce any that are found.

25. Produce contracts, loan documents and notes pertaining to only transactions that would not be recorded, pursuant to generally accepted accounting practices and income tax return preparation practices as, "General Administrative Expenses" of e-Gold, Ltd.

27. The Internal Revenue Service acknowledges that Respondent has previously fully complied with the summons, provided that Respondent shall search for additional documents and produce any that are found.   Any documents that may contain information subject to the attorney-client privilege may be redacted, with Respondent supplying a privilege log as required by the Federal Rules of Civil Procedure.

28. The Internal Revenue Service acknowledges that Respondent has previously fully complied with the summons, provided that Respondent shall search for additional documents and produce any that are found,

B.  As to the Summonses, Exhibits J and K (Attachments B) to the Petition to Enforce Internal Revenue Summonses, Barry K. Downey shall:

Produce, in lieu of paragraph 1 of the Summons, the documents specified in Information Document Request number 12, dated March 24, 2005, as to 1999 and 2000.  As to 2001, the Internal Revenue Service

3

acknowledges that Respondent has previously fully complied with the summons. However, as to 2001, Respondent shall furnish an Excel Spreadsheet containing the transaction information previously furnished but adding customer account numbers and shall furnish a second Excel Spreadsheet showing customer names matched to addresses and account numbers.

Produce the documents requested in paragraph 2.

Produce the documents requested in paragraph 14.

19.  Produce the documents requested in paragraph 19.

22.  Produce the documents requested as to 1999 and 2000.  The Internal Revenue Service acknowledges that Respondent has previously fully complied with the summons as to 2001.

24.  The Internal Revenue Service acknowledges that Respondent has previously fully complied with the summons, provided that the Respondent shall search for additional documents and produce any that are found.

25.  Produce contracts, loan documents and notes pertaining to only transactions that would not be recorded, pursuant to generally accepted accounting practices and income tax return preparation practices, as "General Administrative Expenses" of e-Gold, Ltd.

27.  The Internal Revenue Service acknowledges that Respondent has previously fully complied with the summons, provided that the Respondent shall search for additional documents and produce any that are found.  Any documents that may contain information subject to the attorney-client

4

privilege may be redacted, with Respondent supplying a privilege log as required by the Federal Rules of Civil Procedure.

28. The Internal Revenue Service acknowledges that Respondent has previously fully complied with the summons, provided that the Respondent shall search for additional documents and produce any that are found.

The Clerk of Court is directed to close the file in this matter subject to reopening, if necessary, should the Respondents fail to comply with this Order.

**DONE** and **ORDERED** in Orlando, Florida, this 15th day of August, 2005.


*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:

Robert L. Welsh
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044

Paul Ignatius Perez, Esquire
United States Attorney
Middle District of Florida
501 W. Church Street
Suite 300
Orlando, FL 32805

Mitchell S. Fuerst, Esquire
Rodriguez O'Donnell Ross Fuerst Gonzalez & Williams
1001 Brickell Bay Drive
Suite Eighteen Zero Four
Miami, FL 33131

Approved as to form and substance:

/s/ Mitchell S. Fuerst
MITCHELL S. FUERST
Rodriguez O'Donnell Ross Fuerst Gonzalez & Williams
1001 Brickell Bay Drive
Suite Eighteen Zero Four
Miami, FL 33131
Attorney for the Respondents

PAUL I. PEREZ
United States Attorney

/s/ Robert L. Welsh
ROBERT L. WELSH
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Attorney for Petitioner

6

**RESPONDENTS' MOTION TO VACATE AUGUST 15, 2005
CONSENT ORDER ENFORCING SUMMONSES**

# EXHIBIT 3

AO 93 (Rev. 5/85) Search Warrant

RBH/mry

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

Gold & Silver Reserve, Inc.
DBA OmniPay
175 East Nasa Boulevard, Suite 300
Melbourne, FL 32901

**SEARCH WARRANT**

CASE NUMBER: 05- M. 3201

TO:    Any United States Marshal and any Authorized Officer of the United States

Affidavit(s) having been made before me by Special Agent Roy Dotson has reason to

believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)

Gold & Silver Reserve, Inc., DBA OmniPay, 175 East Nasa Boulevard, Suite 300, Melbourne, FL 32901, more particularly described in Attachment "A".

in the Middle District of Florida, there is now concealed a certain person or property, namely (describe the person or property)

See Attachment "B"

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before December 26, 2005 (not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search (in the daytime--6:00 A.M. to 10:00 P.M.) (at any time in the day or night as I find reasonable cause has been established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to Karla R. Spaulding, United States Magistrate Judge as required by law.

December 16, 2005                    at      Orlando, Florida
Date and Time Issued                         City and State

Karla R. Spaulding
United States Magistrate Judge                   _Signature of Judicial Officer_
Name & Title of Judicial Officer

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

136 Island View Drive
Indian Harbor Beach, FL

**SEARCH WARRANT**

CASE NUMBER: 05-MJ-3199

TO:     Any United States Marshal and any Authorized Officer of the United States

Affidavit(s) having been made before me by Special Agent Roy Dotson has reason to

believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)

136 Island View Drive, Indian Harbor Beach, FL, more particularly described in Attachment "A".

In the Middle District of Florida, there is now concealed a certain person or property, namely (describe the person or property)

See Attachment "B"

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before December 26, 2005 (not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search (in the daytime--6:00 A.M. to 10:00 P.M.)(at any time in the day or night as I find reasonable cause has been established) KG and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to Karla R. Spaulding, United States Magistrate Judge as required by law.

December 16, 2005                    at     Orlando, Florida
Date and Time Issued                       City and State

Karla R. Spaulding
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer