UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
|     c/o United States Attorney's Office | : | |
|     Judiciary Center Building | : | |
|     555 4th Street, N.W. | : | |
|     Washington, D.C. 20530 | : | |
| | : | |
|         Plaintiff, | : | |
| | : | |
|         v. | : | |
| | : | Civil Action No. 1:05CV02497 |
| ALL FUNDS SEIZED FROM OR | : | Before the Honorable |
| ON DEPOSIT IN SUNTRUST | : | Rosemary M. Collyer |
| ACCOUNT NUMBER 1000028078359, | : | |
| IN THE NAME OF GOLD AND | : | |
| SILVER RESERVE, INC. AND ALL | : | |
| FUNDS ON DEPOSIT IN REGIONS | : | |
| BANK ACCOUNT NUMBER | : | |
| 67-0919-4851, IN THE NAME OF | : | |
| GOLD AND SILVER RESERVE, INC. | : | |
| | : | |
|         Defendants. | : | |
| _____ | : | |

### CLAIMANT GOLD & SILVER RESERVE, INC.'s MOTION FOR THE RELEASE OF SEIZED PROPERTY PURSUANT TO 18 U.S.C § 983(f) AND REQUEST FOR ORAL HEARING

COMES NOW, the Claimant, GOLD & SILVER RESERVE, INC., and moves this Court pursuant to 18 U.S.C. § 983(f) to release the contents of the bank accounts that constitute the *res* of the Government's civil forfeiture complaint and to hold an oral hearing on the matter.

**IN SUPPORT THEREOF**, **the Claimant respectfully submits to the Court:**

1.    Following an order signed by Magistrate Judge Facciola on December 14, 2005 which seized the bank accounts at issue in this case, the Government filed its Verified Complaint for Forfeiture on December 30, 2005.

2.    In response, the Claimant, Gold & Silver Reserve, Inc., filed three Verified Statements of Interest, its Answer to the Government's Verified Complaint for

Civil Action No. 1:05CV02497

Forfeiture, and a motion for judgment on the pleadings and/or summary judgment on January 12, 2006.

3. The parties met before this Court on January 13, 2006 and discussed a variety of issues. The merits of Gold & Silver Reserve, Inc.'s motion for judgment on the pleadings and/or summary judgment, however, were unripe and could not be ruled on. Later that day, his Court ruled that the bank accounts at issue in this case "shall be unfrozen; however, the United States shall retain control of the funds previously seized from those accounts pursuant to the warrant issued by Magistrate Judge Facciola in Case No. 05-664 M-01 (JMF) on December 14, 2005."

4. While the Claimant appreciates the Government's concession and this Court's consideration of same, the Claimant respectfully submits that this Court's order did little to ameliorate the disastrous effects of the previously entered freeze and arrest orders. At this point, Gold & Silver Reserve, Inc. can access to its bank accounts, but it cannot touch, move or otherwise affect any of the contents of those bank accounts. Consequently, its business continues to hemorrhage.

5. 18 U.S.C. § 983(f) provides for the release of seized property in certain circumstances:[1]

> (f) Release of seized property.
>
> > (1) A claimant under subsection (a) is entitled to immediate release of seized property if –
> >
> > (A) the claimant has a possessory interest in the property;
> >
> > (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of trial;
> >
> > (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a

---

[1] § 983(f) similarly includes an administrative remedy that a claimant must exhaust prior to seeking judicial involvement; *see*, § 983(f)(2). On January 19, 2006, the Claimant submitted his request to AUSA Bill Cowden. Mr. Cowden formally rejected that request on February 6, 2006. The Government is advised in the premises and this matter is thus ripe for this Court's consideration.

2

business, preventing an individual from working, or leaving an individual homeless;

(D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and

(E) none of the conditions set forth in paragraph (8) applies.

6.  The Claimant in this case is entitled to the immediate release of the funds contained in the previously frozen bank accounts. First of all, the Claimant has a unquestionable possessory interest in the property and has notified this Court of same.

7.  Second, the Claimant has sufficient ties to the community to provide assurance that the property will be available at the time of trial. The Claimant (a nine year resident of Melbourne, Florida) has previously presented to this Court evidence of its timely and professional responses to approximately 300 summonses, subpoenas and other requests for information submitted to the Claimant by agencies both within and separate from the Department of the Treasury over the past two years. These requests and responses reveal that the Claimant is well known among these governmental agencies, interacts with them with the utmost good faith, and has no plan to abscond – physically or otherwise – with the funds constituting the *res* of this civil forfeiture action.

8.  Third, the Government's continued control over the contents of the Claimant's bank accounts is very seriously harming the Claimant and the Claimant's customers . Because the Claimant is still unable to complete the wire transactions that allow its business to operate, many of its customers continue to suffer the grievous effects of bounced checks and other forms of non-payment.

9.  Fourth, because the risk of the Claimant absconding with the contents of its bank accounts is so minimal, and because the Government's continued control over these funds is so damaging, the Claimant's (and the Claimant's customers') ongoing hardship substantially outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the Claimant during the pendency of this proceeding.

3

RODRIGUEZ O'DONNELL ROSS FUERST GONZALEZ WILLIAMS & ENGLAND, P.C.
TWENTY ZERO TWO ♦ 1001 BRICKELL BAY DRIVE ♦ MIAMI FLORIDA 33131
PHONE 305-350-5690 ♦ FAX 305-371-8989 ♦ E-MAIL mfuerst@rorfgw.com

Civil Action No. 1:05CV02497

10. Finally, none of the conditions set forth in 18 U.S.C. § 983(f)(8) applies in the instant action.

11. 18 U.S.C. § 983(f)(8)(A) does not apply in the instant action because the funds which the Government currently possesses are the assets of a legitimate business. While the Government has alleged in its Verified Complaint for Forfeiture that the Claimant is nothing more than an unlicensed money transmitting business acting in violation of 18 U.S.C. § 1960, the Government's application of § 1960 is erroneous.

12. To be sure, § 1960 provides that "[w]hoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an **unlicensed money transmitting business**, shall be fined in accordance with this title or imprisoned not more than 5 years, or both." [Emphasis added].

13. 31 U.S.C. § 5330 defines the term "money transmitting business" as having the following three essential elements:

> (1) Money transmitting business. The term "money transmitting business" means any business other than the United States Postal Service which –
>
> (A) provides check cashing, currency exchange, or money transmitting or remittance services, or issues or redeems money orders, travelers' checks, and other similar instruments or any other person who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system;
> (B) is required to file reports under [31 USCS § 5313]; **and**
> (C) is not a depository institution (as defined in [31 USCS § 5313(g)]).

[Emphasis added]; *see, United States v. Puche*, 350 F.3d 1137, 1141, n.2 (11th Cir. 2003) ("A money transmittal company is a non-bank financial institution that sells money orders, cashes checks, and sends money by wire outside the United States."

14. Gold & Silver Reserve, Inc. is not an *unlicensed* money transmitting business under § 1960 because, under § 5330, it is not a money transmitting business (licensed or otherwise) in the first place. While the Claimant concedes that it is not a depository institution, the Claimant respectfully notes that it is not – and has never been –

4

required to file reports under 31 U.S.C. § 5313 because it does not conduct cash or cash-equivalent transactions. Furthermore, the plain language of § 5330(1)(A) is plainly inapplicable to Gold & Silver Reserve, Inc.'s business. As the Court stated in *United States v. 47 10-Ounce Gold Bars*, 2005 U.S. Dist. LEXIS 2906, "[m]any businesses receive and transmit funds as payment as a part of their business." However, not all of these businesses are "'network[s] of people who engage as a business in facilitating the transfer of money;'" *quoting*, 31 U.S.C. § 5330(d)(1)(A).

15. Consequently, the Claimant is entitled to the immediate return of the contents of its bank accounts. The Claimant has a possessory interest in the property and substantial ties to the community to provide assurance that the property will be available at the time of trial. Also, the hardships that the Claimant is currently suffering as the natural result of the Government's possession of the property substantially outweigh the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned. Furthermore, because the Claimant is not a money transmitting business – unlicensed or otherwise – it has not acted in violation of 18 U.S.C. § 1960 and the arrested contents of its bank accounts cannot be characterized as the fruits of any criminal act.

WHEREFORE, for the foregoing reasons, the Claimant, GOLD & SILVER RESERVE, INC., respectfully requests that this Court, pursuant to 18 U.S.C. § 983(f)(6), order the return of the contents of the Claimant's previously frozen bank accounts and hold an oral hearing on the matter.

Respectfully Submitted,

/s/ *Andrew S. Ittleman*
Mitchell S. Fuerst, Esq.
Florida Bar No. 264598
Andrew S. Ittleman, Esq.
Florida Bar No. 802441
Rodriguez O'Donnell Ross Fuerst
 Gonzalez Williams & England, P.C.
1001 Brickell Bay Drive, Suite 2002
Miami, FL  33131
305-350-5690 (o)
305-371-8989 (f)

Civil Action No. 1:05CV02497

Carlos Rodriguez, Esq.
District of Columbia Bar No. 935692
1211 Connecticut Ave. N.W., Suite 800
Washington, DC 20036
(202) 293-3300 (o)
(202) 293-3307 (f)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing

**CLAIMANT GOLD & SILVER RESERVE, INC.'s MOTION FOR THE RELEASE OF SEIZED PROPERTY PURSUANT TO 18 U.S.C § 983(f) AND REQUEST FOR ORAL HEARING**

was served on February 6, 2006 via email upon John Roth, Esq. (john.roth2@usdoj.gov), Chief, Fraud & Public Corruption Section of the United States Attorney's Office in Washington, D.C. and Assistant United States Attorney Bill Cowden (william.cowden@usdoj.gov).

*/s/ Andrew S. Ittleman*
Mitchell S. Fuerst, Esq.
Florida Bar No. 264598
Andrew S. Ittleman, Esq.
Florida Bar No. 802441
Rodriguez O'Donnell Ross Fuerst
 Gonzalez Williams & England, P.C.
1001 Brickell Bay Drive, Suite 2002
Miami, FL  33131
(305) 350-5690 (o)