UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA  
    c/o United States Attorney's Office  
    Judiciary Center Building  
    555 4th Street, N.W.  
    Washington, D.C. 20530  

    Plaintiff,

v.

ALL FUNDS SEIZED FROM OR
ON DEPOSIT IN SUNTRUST
ACCOUNT NUMBER 1000028078359,
IN THE NAME OF GOLD AND
SILVER RESERVE, INC. AND ALL
FUNDS ON DEPOSIT IN REGIONS
BANK ACCOUNT NUMBER
67-0919-4851, IN THE NAME OF
GOLD AND SILVER RESERVE, INC.

    Defendants.

Civil Action No. 1:05CV02497
Before the Honorable
Rosemary M. Collyer

## CLAIMANT GOLD & SILVER RESERVE, INC.'s MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULES 12(c) AND/OR 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND INCORPORATED MEMORANDUM OF LAW

Claimant, GOLD & SILVER RESERVE, INC., by and through its undersigned counsel, moves for judgment on the pleadings and/or for summary judgment pursuant to Rules 12(c) and/or 56, respectively, of the Federal Rules of Civil Procedure.

**IN SUPPORT THEREOF**, it is respectfully shown unto the court

1.    The plaintiff filed its verified complaint for forfeiture *in rem* on December 30, 2005. That action was "brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960." *See*, United States of America's Verified Complaint for Forfeiture *In Rem* ("Complaint"), at ¶ 1.

2.  18 U.S.C. § 1960 provides that "[w]hoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an **unlicensed money transmitting business**, shall be fined in accordance with this title or imprisoned not more than 5 years, or both." [Emphasis added].

3.  As provided in 31 U.S.C. § 5330, a "money transmitting business" is defined as having the following three essential elements:

> (1) Money transmitting business. The term "money transmitting business" means any business other than the United States Postal Service which –
>    (A) provides check cashing, currency exchange, or money transmitting or remittance services, or issues or redeems money orders, travelers' checks, and other similar instruments or any other person who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system;
>    (B) is required to file reports under [31 USCS § 5313]; and
>    (C) is not a depository institution (as defined in [31 USCS § 5313(g)]).

*See, United States v. Puche*, 350 F.3d 1137, 1141, n.2 (11th Cir. 2003) ("A money transmittal company is a non-bank financial institution that sells money orders, cashes checks, and sends money by wire outside the United States.")

4.  Consequently, in order to state a claim upon which relief may be granted, the plaintiff must allege all three elements of a money transmitting business. Plaintiff has not and cannot accomplish that task.

5.  Rule 12(c) of the Federal Rules of Civil Procedure provides as follows:

> **Motion for Judgment on the Pleadings**. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

RODRIGUEZ O'DONNELL ROSS FUERST GONZALEZ WILLIAMS & ENGLAND, P.C.
TWENTY ZERO TWO ♦ 1001 BRICKELL BAY DRIVE ♦ MIAMI FLORIDA 33131
PHONE 305-350-5690 ♦ FAX 305-371-8989 ♦ E-MAIL mfuerst@rorfgw.com

6.  Last week, in *Kivanc v. Ramsey*, 2006 U.S. Dist. LEXIS 374, 4 (D. D.C. January 4, 2006), District Court Judge Paul Friedman explained the standard applied to 12(c) motions:

> The standard applied to motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is essentially the same as that for motions to dismiss under Rule 12(b)(6) for failure to state a claim. See *Ramirez v. Dep't of Corrections*, 222 F.3d 1238, 1240-41 (10th Cir. 2000); *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987); *Transworld Products Co. v. Canteen Corp.*, 908 F. Supp. 1, 2 (D.D.C. 1995). On either motion, the Court may not rely on facts outside the pleadings and must construe the complaint in the light most favorable to the non-moving party. See *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Granting judgment on the pleadings under Rule 12(c) or a motion to dismiss for failure to state a claim under Rule 12(b)(6) is warranted only if it appears beyond doubt, based on the allegations contained in the complaint, that **"the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."** *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also Alicke v. MCI Communications Corp.*, 111 F.3d 909, 912 (D.C. Cir. 1997). If the Court does rely on matters outside the pleadings under either Rule 12(c) or Rule 12(b)(6), it must treat the motion as if it were one for summary judgment. See FED. R. CIV. P. 12(b), (c).

[Emphasis added].

7.  In this case, the Claimant's motion for judgment on the pleadings is warranted because the Government can prove no set of facts in support of its claim which would entitle the Government to the forfeiture it seeks; *id.* No matter how much evidence in support of its Verified Complaint the Government intends to present at trial, it simply cannot prove a *prima facie* violation of 18 U.S.C. § 1960. (This issue was described in great detail by Mitchell S. Fuerst, Esq., counsel for Gold & Silver Reserve, Inc., on December 29, 2005 before Magistrate Judge John M. Facciola on the Claimant's emergency motion to vacate the freeze order entered by that Court on December 15, 2005.)

8.   To be sure, as previously stated, 18 U.S.C. § 1960 provides that it is a felony to operate an unlicensed money transmitting business. The term "money transmitting business" is defined in three parts in 31 U.S.C. § 5330. The Government has not and cannot plead that any of those three parts describes or characterizes Gold & Silver Reserve, Inc.'s business.

9.   First, under § 5330(1)(A), Gold & Silver Reserve, Inc. does not provide check cashing, currency exchange, or money transmitting services, and it neither issues nor redeems money orders, travelers checks or any other similar instruments. Gold & Silver Reserve, Inc. is not "a non-bank financial institution that sells money orders, cashes checks, and sends money by wire outside the United States," and the Government's Verified Complaint does not allege otherwise; *see, Puche, supra*. As stated by the Court in *United States v. 47 10-Ounce Gold Bars, et al.*, 2005 U.S. Dist. LEXIS 2906, 16 (D. Or. 2005), "[m]any businesses receive and transmit funds as payment as a part of their business." Not all of those businesses, however, are in the business of transmitting money.

10.   Second, under § 5330(1)(B), Gold & Silver Reserve, Inc. is not required to file reports under 31 USCS § 5313, and the Government's Verified Complaint does not allege otherwise. § 5313 provides as follows:

> When a **domestic financial institution** is involved in a transaction for the payment, receipt, or transfer of United States coins or currency (or other monetary instruments the Secretary of the Treasury prescribes), in an amount, denomination or amount and denomination, or under circumstances the Secretary prescribes by regulation, the institution and any other participant in the transaction the Secretary may prescribe shall file a report on the transaction at the time and in the way the Secretary prescribes.

[Emphasis added].

11.   Additionally, Gold & Silver Reserve, Inc. is not a "domestic financial institution" as defined by 31 U.S.C. § 5312(a)(2) and the Government's Verified Complaint does not allege otherwise. In fact, the Verified Complaint ignores that

essential element altogether. (The Verified Complaint similarly ignores the third and final essential element of "money transmitting business," i.e. whether Gold & Silver Reserve, Inc. is a depository institution as defined in 31 USCS § 5313(g)).

12. Although Gold & Silver Reserve, Inc. has been openly and notoriously operating in the United States for nine (9) years, the Department of Treasury has never required Gold & Silver Reserve, Inc. to file reports of any kind on any of its transactions. Indeed, § 5313 is applicable only to cash and cash-equivalent transactions, and Gold & Silver Reserve, Inc. engages exclusively in wire transactions directed solely to the named payee of the e-gold account for deposit to a bank account. As such, Gold & Silver Reserve, Inc. cannot be held to be a money transmitting business under 31 U.S.C. § 5330 and therefore cannot be held to be an unlicensed money transmitting business under 18 U.S.C. § 1960.

13. As presented to Magistrate Judge Facciola during the December 29, 2005 hearing addressing Gold & Silver Reserve, Inc.'s emergency motion to vacate the order freezing the bank accounts at issue in this action, over the past two years, Gold & Silver Reserve, Inc. has responded to approximately 300 summonses, subpoenas and other requests for information from a variety of Federal agencies both within and separate from the Department of the Treasury. Each and every one of these responses has been timely and complete, and the comprehensive record of these compliance efforts, i.e. seven 5-inch binders worth of information, will be available for this Court's inspection when the parties appear before it on January 13, 2006.

14. Gold & Silver Reserve, Inc.'s flawless compliance efforts are central to this discussion because they weigh so heavily on the Government's failure to artfully plead a *prima facie* violation of 18 U.S.C. § 1960 in its Verified Complaint for Forfeiture. The Government has not only known of Gold & Silver Reserve, Inc.'s business since Gold & Silver Reserve, Inc.'s inception, but the Government has been requesting crucial information from Gold & Silver Reserve, Inc. throughout that time. However, at no time during that 9-year history has any Government office or agent informed Gold & Silver Reserve, Inc. that it was either **a)** operating as an unlicensed money transmitting business, **b)** neglecting to file § 5313 reports, or **c)** acting in any other illegal or unlawful way.

Now, in an effort to regulate Gold & Silver Reserve, Inc.'s business activities, the Government has moved this Court for the forfeiture of the *res* of Gold & Silver Reserve, Inc.'s bank accounts – i.e. funds intended for the benefit of all three interests represented in the several Verified Statements of Interest filed in conjunction with this motion – pursuant to a Federal criminal statute that has simply no application to Gold & Silver Reserve, Inc.'s business activities. The Government's efforts are transparent and not well taken.

15.     Today, consistent with its inability to do so for the past 9 years, the Government cannot artfully plead that Gold & Silver Reserve, Inc. is an unlicensed money transmitting business. Regardless of whether this Court views this motion as one for judgment on the pleadings or one for summary judgment pursuant to Rule 12(c) or Rule 56, respectively, of the Federal Rules of Civil Procedure, Gold & Silver Reserve, Inc. is entitled to the dismissal of this action **with prejudice**.

WHEREFORE, for the foregoing reasons, the Claimant, GOLD & SILVER RESERVE, INC. respectfully requests that this Court enter a judgment on the pleadings or, in the alternative, summary judgment.

Respectfully submitted,

/s/ *Andrew S. Ittleman*
Mitchell S. Fuerst, Esq.
Florida Bar No. 264598
Andrew S. Ittleman, Esq.
Florida Bar No. 802441
Rodriguez O'Donnell Ross Fuerst
  Gonzalez Williams & England, P.C.
1001 Brickell Bay Drive, Suite 2002
Miami, FL  33131
305-350-5690 (o)
305-371-8989 (f)
Carlos Rodriguez, Esq.
District of Columbia Bar No. 935692
1211 Connecticut Ave. N.W., Suite 800
Washington, DC 20036
(202) 293-3300 (o)
(202) 293-3307 (f)

Civil Action No. 1:05CV02497

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing

**CLAIMANT GOLD & SILVER RESERVE, INC.'s MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULES 12(c) AND/OR 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND INCORPORATED MEMORANDUM OF LAW**

was served on January 12, 2006 by facsimile upon Laurel Loomis Rimon, Assistant United States Attorney, United States Attorney's Office, 555 Fourth Street, N.W., Room 5830, Washington, D.C. 20530.

/s/ *Andrew S. Ittleman*
Mitchell S. Fuerst, Esq.
Florida Bar No. 264598
Andrew S. Ittleman, Esq.
Florida Bar No. 802441
Rodriguez O'Donnell Ross Fuerst
  Gonzalez Williams & England, P.C.
1001 Brickell Bay Drive, Suite 2002
Miami, FL 33131
(305) 350-5690 (o)
(305) 371-8989 (f)