IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-2497 (RMC) |
| | ) | ECF |
| v. | ) | |
| | ) | |
| ALL FUNDS ON DEPOSIT IN SUNTRUST ACCOUNT NUMBER XXXXXXXX8359, IN THE NAME OF GOLD AND SILVER RESERVE, INC., | ) | |
| | ) | |
| And | ) | |
| | ) | |
| ALL FUNDS ON DEPOSIT IN REGIONS BANK ACCOUNT NUMBER XX-XXXX-4851, IN THE NAME OF GOLD AND SILVER RESERVE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Gold & Silver Reserve, Inc. d/b/a/ OmniPay, | ) | |
| Claimant. | ) | |

**PLAINTIFF'S OPPOSITION TO CLAIMANT'S
MOTION FOR RELEASE OF SEIZED PROPERTY**

Plaintiff, the United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully opposes the Motion for the Release of Seized Property Pursuant to 18 U.S.C. § 983(f) filed by Gold & Silver Reserve, Inc. d/b/a OmniPay ("G&SR's 983(f) Motion"). G&SR asks the Court "to release the contents of the bank accounts that constitute the *res* of the Government's civil forfeiture complaint." See G&SR's 983(f) Motion at 1.

Section 983(f) Motions are, by the terms of the statute, limited to cases where pretrial

release of seized property subject to civil forfeiture is necessary to prevent substantial hardship, and then, only where a claimant seeking release establishes that the substantial hardship outweighs the risk that the property will not be available for forfeiture. See e.g., United States v. Undetermined Amount of U.S. Currency, 376 F.3d 260 (4th Cir. 2004) (under Section 983(f)(1)(D), court must make three findings: (1) the risk that the property will not be available; (2) the hardship to the claimant; and (3) whether the hardship outweighs the risk)). As shown below, the arguments G&SR offers in its Section 983(f) Motion fall far short of meeting its threshold showing. Moreover, under Section 983(f)(8), the balancing test does not come into play because, by statute, no pretrial release of currency, other monetary instruments or electronic funds is available "unless such currency, or other monetary instrument, or electronic funds constitutes the assets of a legitimate business which has been seized." G&SR business has not been seized.

### 1.     The Funds Will Not Be Available If Released.

In drafting Section 983(f), Congress recognized that cash was almost never likely to be available for trial if released pretrial and, therefore, it precluded the release of cash in almost all civil forfeiture cases. See 18 U.S.C. § 983(f)(8). See also United States v. $1,231,349.68 in Funds, 227 F. Supp.2d 125, 129 (D.D.C. 2002) (denying pretrial release of seized cash because the likelihood that it would be unavailable for trial is "almost assured"). In this case, as further discussed in subsection 3, a statutory prohibition bars the requested relief.

But, even were a blanket prohibition inapplicable, rejecting G&SR's 983(f) Motion should not prove difficult because G&SR concedes that the seized funds will not be available for forfeiture should they be released now. According to G&SR, it needs this Court to order the

seized funds returned to its accounts so that G&SR can "complete the wire transactions that allow its business to operate[.]" G&SR's 983(f) Motion at 3, ¶ 8. According to G&SR, because it cannot complete these wire transactions on behalf of its customers, "many of its customers continue to suffer the grievous effects of bounced checks and other forms of non-payment." Id. In other words, G&SR wants the funds so it can wire them to others.

Of course, these G&SR concessions beg several questions. For one, can G&SR legitimately assert that it is "not a money transmitting business" (see G&SR's Motion for Judgment on the Pleadings and ¶14 to G&SR's 983(f) Motion) while simultaneously representing that it needs the seized money so it can complete wire transmissions on behalf of its customers? For another, is a representation that the funds will be transmitted to third parties, on behalf of G&SR's customers, in any way consistent with G&SR's obligation under Section 983(f)(1)(B) to establish (both to this Court and, even before, in the request it was obligation by Section 983(f)92) to submit to the Government) that the funds will be available for forfeiture at the time of trial? Given that G&SR intends to dissipate the funds upon their return, the property's unavailability is assured. No alleged hardship outweighs certain dissipation of the defendant *res*.

2. **G&SR Has Not Demonstrated That A Substantial Hardship Exists.**

G&SR's misrepresentations only get worse. To this Court, G&SR reports that a hardship still exists because:

> this Court's order [allowing G&SR to access, withdraw or transfer funds deposited into its bank accounts] did little to ameliorate the disastrous effects of the previously entered freeze and arrest orders. At this point, Gold & Silver Reserve, Inc. can access to [sic] its bank accounts, but it cannot touch, move or otherwise affect any of

> the contents of this bank accounts. Consequently, its business continues to hemorrhage.

G&SR's 983(f) Motion at 2, ¶ 4. But G&SR's attorneys cannot establish that their "allegations and other factual contentions have evidentiary support." See Fed. R. Civ. P. 11(b)(3). For one thing, as this Court is well aware, the two accounts from which the Government seized funds controlled by G&SR – the funds that became the defendant property subject to forfeiture in this *in rem* civil action – are no longer restrained. For over a month, G&SR has been permitted to move or otherwise affect any funds its customers may have deposited into accounts that G&SR controls. Although the Government maintains that G&SR and its officers and directors violate the law each time they operate as an unlicensed money transmitter, G&SR continues to operate its business (notwithstanding that some of its property was seized for forfeiture).

For another, there appears to be yet another significant disconnect between the story G&SR and its attorneys tell to this Court, and what they report to others. For example, according to a January 20, 2006 letter posted by G&SR officials on e-gold's website:

> [d]espite the unfounded charges and adverse misleading publicity that have severely damaged both e-gold and G&SR, G&SR has continued to meet all financial obligations and remain completely operational.

See Exhibit 1. Except in its Court pleadings, G&SR is not hemorrhaging.

    **3.**    **Even If A Balancing Of Equities Were To Cut In G&SR's Favor, Section 983(f)(8) Precludes The Relief It Requests.**

By law, G&SR has no basis for requesting that the seized funds be returned to it prior to their adjudication. Congress, recognizing that currency, other monetary instruments and electronic funds were the type of property most likely to be dissipated upon return, prohibited the

pretrial release of such property – except in those cases where a legitimate business was seized (and even then, only where the legitimate business establishes that its hardship outweighs the risk of dissipation or loss). See 18 U.S.C. § 983(f)(8)(A). See also United States v. Contents of Account 4000393242, No. C-1-01-729 (S.D. Ohio Mar. 13, 2002) (attached as Exhibit 2) (under section 983(f)(8), claimant may not seek release of funds seized from bank account unless he establishes that they were funds from a legitimate business that was seized; the reference is to *the seizure of the business*, not to the seizure of the funds); $1,231,349.68 in Funds, 227 F. Supp.2d at 129 (recognizing that claimants must prove legitimacy of business and denying pretrial release of seized cash).

In this case, the Government seized some of a business' cash, but it did not seize the business itself. Because the business was not seized, any effort on G&SR's part to establish that the seized funds constitute assets of a *legitimate* business is irrelevant. In fact, with G&SR's recent admissions about how it transmits customers' funds to others, and its earlier concession that it operates with no State licenses, judgment in favor of the Government *based on G&SR's pleadings* may be appropriate.

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that G&SR's Motion for the Release of Seized Property Pursuant to 18 U.S.C. § 983(f) should be DENIED.

    Respectfully submitted,

    _/s/_____
    KENNETH L. WAINSTEIN, DC Bar #451058
    United States Attorney

       _/s/_____
WILLIAM R. COWDEN, DC Bar # 426301
LAUREL LOOMIS RIMON
Assistant United States Attorneys
U.S. Attorney's Office
Criminal Division
District of Columbia
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 307-0258

       _/s/_____
KIMBERLY KIEFER PERETTI, DC Bar #458726
Senior Counsel
U.S. Department of Justice
Computer Crime and Intellectual Property Section
Criminal Division
1301 New York Ave., NW, Suite 600
Washington, D.C. 20530
(202) 353-4249

**CERTIFICATE OF SERVICE**

    I hereby certify that I caused a copy of the foregoing Opposition to be served by means of the Court's ECF system on this 21st day of February 2006 upon claimant's counsel of record.

Mitchell S. Fuerst, Esq.
Andrew S. Ittleman, Esq.
Rodriquez O'Donnel Ross Fuerst
  Gonzalez Williams & England, P.C.
1001 Brickell Bay Drive, Suite 2002
Miami, FL 33131


       _/s/_____
       William R. Cowden

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No. 05-2497 (RMC) |
| ) | ECF |
| v. ) | |
| ) | |
| **ALL FUNDS ON DEPOSIT IN SUNTRUST** ) | |
| **ACCOUNT NUMBER XXXXXXXX8359, IN** ) | |
| **THE NAME OF GOLD AND SILVER** ) | |
| **RESERVE, INC.,** ) | |
| ) | |
| And ) | |
| ) | |
| **ALL FUNDS ON DEPOSIT IN REGIONS** ) | |
| **BANK ACCOUNT NUMBER XX-XXXX-4851,** ) | |
| **IN THE NAME OF GOLD AND SILVER** ) | |
| **RESERVE, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| **Gold & Silver Reserve, Inc. d/b/a/** ) | |
| **OmniPay,** ) | |
| **Claimant.** ) | |

### O R D E R

Upon consideration of claimant's Motion for Judgment on the Pleadings, the Opposition thereto, and the entire record herein, it is this _____ day of _____, 2006 HEREBY Ordered that claimant's motion is DENIED.

_____
ROSEMARY M. COLLYER
United States District Judge