FILED
KENNETH J. MURPHY

02 MAR 13 AM 10:28

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America | Case No. C-1-01-729 |
| Plaintiff | |
| | District Judge Susan J. Dlott |
| v. | |
| | ORDER DENYING |
| Contents of Account No. 4000393243 | CLAIMANTS' MOTION |
| et al. | |
| Defendants | |

This matter comes before the Court on the Motion by Claimants on Behalf of Defendant Three, to Adopt and Incorporate Unity Wholesale Grocery, Inc.'s and Tareq Shalash's Motion for Release of Seized Property and Proposed Findings of Fact. (Doc. #22.) The Court allows the movants to adopt and incorporate the arguments of the earlier motion, but such arguments, applied to the instant facts, cannot earn the relief requested. Therefore, as explained more fully below, the Court **DENIES** Claimants' Motion.

This is an in rem forfeiture action brought by the United States against four bank accounts. The government alleges that these accounts are forfeitable because they are connected to transactions involving stolen goods. The Court issued a warrant of arrest in rem on October 25, 2001. (Doc. #2.) United Trading Company, Anas Shalash, and Ziyad Shalash (together "Claimants") are claimants in this action.

Claimants seek return of seized property[1] pursuant to 18 U.S.C. § 983(f), which governs "Release of seized property." That section provides:

> (1) A claimant under subsection (a) is entitled to immediate release of seized property if—
>     (A) the claimant has a possessory interest in the property;
>     (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
>     (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
>     (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the seized property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and
>     (E) none of the conditions set forth in paragraph (8) applies.

Id. Paragraph (8) instructs, "This subsection shall not apply if the seized property—(A) is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized." 18 U.S.C. § 983(f)(8).

Here, the seized property is currency or other monetary instruments. Thus, § 983(f) does not apply "unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized." In this exception, *a legitimate business* is singular, *assets* is plural, and *has been seized* is singular; therefore, *has been seized* grammatically must refer to *a legitimate business*, not *assets*. Here, the government has not sought to seize any business, legitimate or otherwise. The Defendants are all bank accounts. By its plain language, then, § 983(f) is inapplicable.

---

[1] The government argues that neither Ziyad Shalash nor Anas Shalash has standing to seek the release of the third Defendant, since that account was not in their names. The Court need not address this argument because the instant motion fails on the merits.

One might construe Claimants' Motion as arguing that although the government has not formally seized United Trading Company, it has constructively done so. The Court need not address whether constructive seizure is sufficient to invoke the exception in § 983(f)(8), however, because Claimants have not provided evidence of the sort of facts that would amount to constructive seizure. Claimants have not demonstrated, for example, that the government has taken all of the real property of United Trading Company, nor have they demonstrated even that the government has seized all of the currency owned by United Trading Company. Instead, they have submitted evidence that the government has seized money that United Trading Company otherwise would use to pay outstanding obligations, and that such seizure works a very substantial hardship on United Trading Company's business operations. (Ziyad Shalash Aff. at 2.) But this showing necessarily must fail to demonstrate that a business has been seized under § 983(f)(8) because a contrary conclusion would render extraneous § 983(f)(1)(C)'s required showing of "substantial hardship . . . such as preventing the functioning of a business."[2]

---

[2] Claimants also argue that what has been seized is disproportionate to the illegal conduct alleged. 18 U.S.C. § 983(g)(1) provides, "The claimant under subsection (a)(4) may petition the court to determine whether the forfeiture was constitutionally excessive." The government argues that this section is inapplicable to the instant Motion because *was* is in the past tense. More to the point, § 983(g)(1) refers to the proportionality of a forfeiture. No forfeiture has occurred yet in this case, just a seizure. Thus, § 983(g)(1) is inapplicable by its terms to the instant Motion, and Claimants seemed to concede this point at a January 4, 2002 hearing on the Motion. Nevertheless, Claimants urge that a court must be able to consider the proportionality of a pre-forfeiture seizure. Proportionality may well be a relevant consideration under § 983(f), perhaps as part of the balancing test of § 983(f)(1)(D), but the Court need not decide the question because Claimants cannot satisfy § 983(f)(1)(E).

For the foregoing reasons, the Court hereby **DENIES** the Motion by Claimants on Behalf of Defendant Three, to Adopt and Incorporate Unity Wholesale Grocery, Inc.'s and Tareq Shalash's Motion for Release of Seized Property and Proposed Findings of Fact. (Doc. #22.)

IT IS SO ORDERED.

_____
Susan J. Dlott
United States District Judge