UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ALL FUNDS SEIZED FROM OR ON )<br>DEPOSIT IN SUNTRUST ACCOUNT )<br>NUMBER xxxxxxxx8359, IN THE )<br>NAME OF GOLD AND SILVER )<br>RESERVE, INC., AND ALL FUNDS ON )<br>DEPOSIT IN REGIONS BANK )<br>ACCOUNT NUMBER xxxxxx4851, IN )<br>THE NAME OF GOLD AND SILVER )<br>RESERVE, INC., )<br>)<br>         **Defendant.** )<br>) | Civil Action No. 05-2497 (RMC) |

**ORDER**

Before the Court are Defendant Gold & Silver Reserve Inc.'s ("GSR") Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment [Dkt. #15] and Motion for the Release of Seized Property pursuant to 18 U.S.C. § 983(f) [Dkt. #11]. Because the parties are familiar with the background facts, the Court refers to them only as necessary for its decision.

The Court will deny GSR's Motion for Judgment on the Pleadings. On a motion for judgment on the pleadings, "a defendant may not succeed . . . if there are allegations in the complaint which, if proved, would provide a basis for recovery." *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Further, "the plaintiff enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint." *Id.* Here, even under its preferred construction of the statutory scheme, about which the Court expresses no opinion, GSR faces

exposure under 18 U.S.C. § 1960, and is thus susceptible to a civil forfeiture action under 18 U.S.C. § 981, if it is required to file reports under 31 U.S.C. § 5313. Whether GSR is required to file reports under 31 U.S.C. § 5313 is a question that is heavily fact dependent. However, at this stage of the litigation, the record — while replete with argument — is nearly devoid of facts. In its Answer, moreover, GSR has for the most part denied the allegations in the Complaint "for lack of knowledge or information sufficient to form a belief as to the[ir] truth." Answer ¶¶ 6-8, 13, 15, 22-28. Giving the benefit of all plausible inferences to the Government, as the Court must, this motion will be denied. *See Haynesworth*, 820 F.2d at 1254.

The Court will likewise deny without prejudice GSR's Motion for Summary Judgment. "Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits filed pursuant to discovery show that, first, 'there is no genuine issue as to any material fact' and, second, 'the moving party is entitled to a judgment as a matter of law.'" *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (quoting Fed. R. Civ. P. 56(c)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, the Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *Holcomb*, 433 F.3d at 895. As discussed above, disputed issues of material fact preclude summary judgment here. *See id.* In addition, Local Civil Rule 7(h) provides that a "motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." LCvR 7(h). No such statement accompanies GSR's motion. This motion will also be denied.

Finally, the Court will deny GSR's Motion for the Release of Seized Property pursuant to 18 U.S.C. § 983(f). As an initial matter, GSR cannot avail itself of the protections of § 983(f) because it has not established that the seized "currency . . . constitutes the assets of a legitimate *business which has been seized*." 18 U.S.C. § 983(f)(8)(A) (emphasis added). The Court reads the phrase "which has been seized" to modify the immediately preceding noun, "business," and notes that GSR does not suggest an alternative reading short of ignoring the phrase "which has been seized" altogether. There being no dispute that some of GSR's funds, but not its business, have been seized, the Court finds that § 983(f) provides GSR no relief. *See id.*

In the alternative, the Court finds that GSR's "likely hardship" from the Government's continued possession of the seized funds does *not* outweigh the risk that the funds will be "transferred" if returned to GSR's control. *See* 18 U.S.C. § 983(f)(1)(D). In its legal memoranda to the Court, GSR has repeatedly asserted that the arrest of the subject funds has halted transactions with its clients, and that release would allow those transactions to proceed. *See, e.g.*, Def.'s MJOP/MSJ Reply at 4 ("If a client chooses to sell e-gold, that client 'clicks' e-gold over to [GSR] and receives a wire in exchange. The money currently under arrest in this case is . . . to be used to complete these exchange operations."); Def.'s § 983(f) Mot. at 2 (stating that GSR's "business continues to hemorrhage" as a consequence of its inability to "touch, move or otherwise affect any of the contents of those bank accounts"); Def.'s § 983(f) Mot. at 3 (arguing that the funds should be released because their seizure has made GSR "unable to complete the wire transactions that allow its business to operate"). Given these assertions, GSR cannot plausibly argue that the seized funds, if released, are not likely to be "transferred." GSR's contention that any "dissipation" caused by transfer of the seized money would be offset by an increase in GSR's e-gold reserve — and,

correspondingly, that the "value of the funds" in the arrested accounts, if not the actual dollars themselves, will remain available for forfeiture in the event of trial — is not persuasive.  *See* Def.'s § 983(f) Reply at 11.  This motion will also be denied.

Accordingly, based upon the parties' motions, the oppositions and replies thereto, the arguments presented at a motions hearing in open court on March 16, 2006, and the entire record of this case, it is hereby

**ORDERED** that Defendant Gold & Silver Reserve Inc.'s Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment [Dkt. #15] is **DENIED**; and it is

**FURTHER ORDERED** that Defendant Gold & Silver Reserve Inc.'s Motion for the Release of Seized Property pursuant to 18 U.S.C. § 983(f) [Dkt. #11] is **DENIED**; and it is

**FURTHER ORDERED** that this matter shall promptly be set for an Initial Scheduling Conference, via telephone, at a date and time to be selected by the Deputy Clerk.  The parties are further advised that the Court remains willing to treat this matter, insofar as is practicable, on an expedited basis.

**SO ORDERED**.

Date: March 17, 2006                                 /s/
                                                      ROSEMARY M. COLLYER
                                                      United States District Judge