**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff** | ) | **Civil Action No. 05-2497 (RMC)** |
| | ) | **ECF** |
| **v.** | ) | |
| | ) | |
| **ALL FUNDS ON DEPOSIT IN SUNTRUST** | ) | |
| **ACCOUNT NUMBER XXXXXXXXX8359, IN** | ) | |
| **THE NAME OF GOLD AND SILVER** | ) | |
| **RESERVE, INC., and** | ) | |
| | ) | |
| **ALL FUNDS ON DEPOSIT IN REGIONS** | ) | |
| **BANK ACCOUNT NUMBER XX-XXXX-4851,** | ) | |
| **IN THE NAME OF GOLD AND SILVER** | ) | |
| **RESERVE, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **Gold & Silver Reserve, Inc. d/b/a/** | ) | |
| **OmniPay,** | ) | |
| | ) | |
| **Claimant.** | ) | |

## JOINT REPORT OF THE PARTIES

In accordance with Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3(c), counsel for the

parties (Plaintiff and Claimant) have conferred and make the following joint report in this matter:

This is a civil action, brought *in rem*, by which the United States seeks forfeiture of funds

previously seized from two bank accounts that were opened and operated by Gold & Silver

Reserve, Inc. ("G&SR"). The United States asserts that the funds seized from these two accounts

constitute property involved in transactions or attempted transactions violative of 18 U.S.C, §

1960, which prohibits the operation, ownership, management, supervision or control of

unlicensed money transmitting businesses. G&SR, Claimant here, denies that its operations fall

within the statutory prohibition.

The Initial Scheduling Conference is scheduled for May 5, 2006 at 2 p.m. The Court previously suggested that the parties may participate by telephone. Plaintiff's counsel will be available by telephone at (202) 307-0258, and Claimant's counsel will be available by telephone at (305) 350-5691.

The following information is provided consistent with Local Civil Rule 16.3(c):

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**Plaintiff's counsel believes this case will be appropriate for disposition by motion. No dispositive motion is pending, and Plaintiff does not anticipate filing a dispositive motion prior to initiation of discovery. Should a dispositive motion be filed, Plaintiff will confer with counsel for Claimant and propose a modification of the scheduling order to account for the dispositive motion. Counsel for Claimant believes that this case may be appropriate for disposition by motion and may file a dispositive motion once discovery has ensued. Should a dispositive motion be filed, Claimant will confer with counsel for Plaintiff and propose a modification of the scheduling order to account for the dispositive motion.**

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**The parties do not anticipate joining other parties or amending the pleadings. If there is a need to join other parties or amend pleadings, the parties will do so within 60 days of the report. The parties will try to narrow the factual and legal issues.**

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**Plaintiff does not consent to assignment of the case to a magistrate judge. Claimant would consent to the assignment of the case to a magistrate judge. Counsel for Claimant respectfully notes that Magistrate Judge Facciola has already been extensively briefed on the issues before the Court.**

(4) Whether there is a realistic possibility of settling the case.

**Counsel believe it is premature at this point to determine whether there is a realistic possibility of settlement.**

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**In light of counsels' view in response to item 4, no ADR procedure is appropriate at this time.**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**As noted, in the view of both counsel, there is a possibility the case can be disposed of by motion.  Counsel agree, however, that if any post-discovery dispositive motion is to be filed, it shall be filed within 45 days after the close of discovery; that the opposing party shall have 30 days thereafter in which to file an Opposition; and that the moving party shall have 15 days thereafter in which to file a Reply.**

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**The parties stipulate that the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure should be eliminated.**

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**The parties agree that discovery shall be completed by November 10, 2006, followed by the motion schedule proposed in ¶ 6.  At this time, the parties do not believe that the Court needs to place any other limits on discovery.  The parties acknowledge that a protective order may be appropriate, for example, to comply with the provisions of the Privacy Act.  If necessary, a proposed order or stipulation will be submitted.  In addition, the parties agree that because a criminal statute provides the underlying basis for this**

**civil forfeiture case, there may come a time when this case should be stayed pending the outcome of a criminal investigation. See 18 U.S.C. 981(g)(1). Although counsel cannot anticipate all of the issues that may arise at this stage of these proceedings, they agree that this may be a case where issues of fact can be resolved through carefully tailored stipulations, admissions, document requests and written discovery requests that the parties agree do not compromise the files of criminal investigators, or the confidentiality of information provided to investigators or to a Grand Jury, and also without implicating individuals' constitutional rights. The parties remain interested in trying to resolve the relevant fact issues and have agreed to Stipulate, in accordance with Fed. R. Civ. P. 29, that depositions, the disclosure of the identity of any individual likely to have discoverable information, and such individual's information, will not occur until notice to the Court that this Stipulation to dispense with this discovery at this time has proven unworkable. The parties agree that either party may notify the Court if it believes this Rule 29 Stipulation interferes with that party's ability to prosecute or defend this case, and the parties agree that neither will oppose a modification of the discovery schedule as may be necessary for either party to complete the discovery that could have occurred absent this Stipulation.**

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

**The parties do not propose any modification of the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure.**

(10) In class actions, appropriate procedures . . .

**Not applicable.**

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**The Parties do not anticipate the need for a bifurcated trial or managing this case in stages.**

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**The parties propose that a pretrial conference be held, if necessary, 30 days after a decision on all post-discovery dispositive motions.**

4

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**The parties propose to set a trial date at the pretrial conference.**

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**The parties are not aware of any additional matters that require inclusion in the Scheduling Order.**

Respectfully submitted,

_/s/_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_/s/_____
WILLIAM R. COWDEN, DC Bar # 426301
LAUREL LOOMIS RIMON
Assistant United States Attorneys
U.S. Attorney's Office
Criminal Division
District of Columbia
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 307-0258

_/s/_____
KIMBERLY KIEFER PERETTI, DC Bar #458726
Senior Counsel
U.S. Department of Justice
Computer Crime and Intellectual Property Section
Criminal Division
1301 New York Ave., NW, Suite 600
Washington, D.C. 20530
(202) 353-4249

COUNSEL FOR PLAINTIFF

And

_/s/_____

MITCHELL S. FUERST
ANDREW S. ITTLEMAN
Rodriquez O'Donnel Ross Fuerst
  Gonzalez Williams & England, P.C.
1001 Brickell Bay Drive, Suite 2002
Miami, FL 33131
(305) 350-5690

COUNSEL FOR CLAIMANT G&SR