UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ALL FUNDS SEIZED FROM OR ON )<br>DEPOSIT IN SUNTRUST ACCOUNT )<br>NUMBER xxxxxxxx8359, IN THE )<br>NAME OF GOLD AND SILVER )<br>RESERVE, INC., *et al.*, )<br>)<br>**Defendants.** ) | Civil Action No. 05-2497 (RMC) |

## SCHEDULING ORDER

Upon consideration of the joint report of the parties submitted pursuant to LCvR 16.3(d), and after a scheduling conference held in open Court, via telephone, on May 5, 2006, it is hereby **ORDERED** that:

1. Motions to join third parties or to amend the pleadings shall be filed no later than July 5, 2006.

2. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be dispensed with as agreed by the parties.

3. Pursuant to Fed. R. Civ. P. 29 and the parties' stipulation, depositions, disclosure of the identity of individuals likely to have discoverable information, and disclosure of information such individuals may have, shall not occur absent notice to the Court that this stipulation has proven unworkable.

4. Disclosure of expert testimony shall occur as provided in Fed. R. Civ. P. 26(a)(2).

5. All discovery shall be completed no later than November 10, 2006.

6. Dispositive motions shall be filed no later than January 10, 2007; oppositions shall be filed no later than February 9, 2007; and replies shall be filed no later than February 26, 2007. A motion for extension of time to file a motion, opposition, or reply will be denied except upon a showing of good cause. The page limitations for briefs referenced in LCvR 7(e) are to be strictly followed by the parties.

7. Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

8. Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

9. A post-discovery status conference will be set for a date and time to be selected by the Deputy Clerk, at which time a pretrial conference date and a trial date will be selected if necessary. Counsel shall be prepared at the status conference to advise the court of the expected length of trial and of the number of fact and expert witnesses each party will present. Trial counsel shall appear at all hearings, unless excused by the court in advance of the hearing date.

10. Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a Magistrate Judge. If the case settles, in whole or in part, Plaintiff's counsel shall advise this Court by promptly filing a stipulation.

11. This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. *See* Fed. R. Civ. P. 16(b); LCvR 16.4(b).

**SO ORDERED.**


Date: May 8, 2006                              /s/
                                               ROSEMARY M. COLLYER
                                               United States District Judge