### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                            )<br>           Plaintiff,                              )<br>                                                            )<br>           v.                                          )<br>                                                            )<br>ALL FUNDS ON DEPOSIT IN SUNTRUST  )<br>ACCOUNT NUMBER XXXXXXXX8359, IN )<br>THE NAME OF GOLD AND SILVER       )<br>RESERVE, INC.,                                )<br>                                                            )<br>           And                                        )<br>                                                            )<br>ALL FUNDS ON DEPOSIT IN REGIONS  )<br>BANK ACCOUNT NUMBER XX-XXXX-4851, )<br>IN THE NAME OF GOLD AND SILVER    )<br>RESERVE, INC.,                                )<br>                                                            )<br>           Defendants.                          )<br>_____)<br>                                                            )<br>Gold & Silver Reserve, Inc. d/b/a/       )<br>    OmniPay,                                      )<br>           Claimant.                              )<br>_____) | Civil Action No. 05-2497 (RMC)<br>ECF |

### PLAINTIFF'S MOTION FOR A STAY

NOW COMES plaintiff, the United States of America, and files this motion to stay the instant civil forfeiture proceeding pursuant to 18 U.S.C. § 981(g)(1). This motion is not a joint request because counsel for claimant has indicated that he opposes a stay even though he would oppose the United States' effort to conduct depositions of claimant's managing official(s).

In support of this motion, the United States respectfully submits the following:

1.  In December 2005, federal seizure warrants were executed at the above-listed financial institutions and funds on deposit in the above-described accounts were seized.

2.      On December 30, 2005, the United States filed the instant Complaint in Forfeiture.  Therein, the United States alleged that the defendant properties are subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1) in that they constitute property involved in an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960.

3.      On about January 12, 2006, Gold & Silver Reserve, Inc. ("G&SR") filed Claims of Ownership and an Answer to the Complaint in Forfeiture.

4.      In its Answer and in a series of motions seeking return of property or for judgment on the pleadings, G&SR has maintained that it does not need to be licensed, or registered, because it is not in the business of transmitting money within the meaning of Section 1960. Claimant has maintained that its business operations fall outside the scope of 1960 because it has chosen not to accept cash from its customers.

5.      Notwithstanding disagreements over how G&SR operates, the United States had hoped that the parties might reach certain stipulations as to facts that would allow the Court to resolve whether a legal basis existed to support the instant forfeiture (without infringing on any existing criminal investigation).

6.      But, after a series of discussions highlighted (at least to the United States) continued disagreement even over the meaning of fundamental terms such as "money," "value," "transmit" and "business," undersigned counsel suggested to counsel for G&SR that a stay was advisable because it was unlikely that G&SR's attorneys would be willing to agree to expanded discovery, including depositions, that we believe are necessary for this civil case to progress. G&SR's counsel indicated that, given the existence of a criminal investigation, he would not permit G&SR's controlling officials to be deposed at this time.  (In response to a deposition

subpoena, we might expect a motion for a protective order. But we have not served such a subpoena because the parties had indicated to the Court that they would try to seek common ground without engaging in standard discovery.)

      7.      18 U.S.C. § 981(g)(1) provides for the stay of a civil forfeiture case when a related criminal investigation (or criminal case) exists. Section 981(g)(1) states: "Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."

      8.      Claimant has indicated that, as the subject of a related criminal investigation, it would oppose discovery through depositions. But because disagreements over fundamental terms and facts continue to exist, the United States cannot proceed with discovery so curtailed. As the court recognized in <u>United States v. One Assortment of 73 Firearms</u>, 352 F. Supp.2d 2 (D. Me. 2005), "a protective order cannot be imposed as an alternative to a stay because [its effect] would be to allow the claimants to pursue broad civil discovery while the Government would be substantially unable to do so." In <u>73 Firearms</u>, both parties had proposed the stay that the court issued.

      9.      In the instant case, a stay also is necessary to protect the government's criminal investigation/potential prosecution from the expansive scope of civil discovery. <u>See</u> <u>United States v. All Funds Deposited in Account No. 200008524845</u>, 162 F. Supp.2d 1325 (D. Wyo. 2001) (new version of § 981(g) [amended August 23, 2000] is broader than the old, permitting entry of stay in order to prevent interference with a criminal investigation; stay granted where civil discovery has a substantial potential of interfering with the ongoing criminal investigation).

In the instant case, broad civil discovery could compromise the ability of law enforcement to gather confidential information[1] and would provide improper opportunities for claimant to ascertain prematurely the details of any ongoing criminal investigation.[2]  Responding to civil discovery also would burden law enforcement officials who might be conducting a contemporaneous criminal investigation.  Moreover, as discussed above, the government cannot conduct necessary civil discovery with its hands tied – counsel for the claimant has not offered meaningful stipulations and has indicated that he would advise Douglas Jackson (founder of G&SR) to not participate in a deposition.

WHEREFORE, the United States requests the stay of the instant civil forfeiture proceeding for six months – unless a criminal case is brought.  Of course, should criminal proceeds be instituted, the stay should remain in effect because the outcome of those proceedings

---

[1] "The Government has the right, even the responsibility in appropriate circumstances, to guard the identity of informants and others cooperating with the Government."  United States v. Certain Real Property Located at 5137/5139 Central Avenue, 776 F. Supp. 1090, 1093 (W.D.N.C. 1991) (stay granted).  In granting a civil stay, the court recognized that "should the identity of cooperating individuals be revealed, the damage to the Government -- and to the individuals -- would be permanent and irreparable." Id. at 1092.  Accord United States v. $151,388.00 in United States Currency, et al., 751 F. Supp. 547, 550 (E.D.N.C. 1990) (stay warranted to preserve confidentiality of informants).

[2] Courts recognize generally that "civil discovery may not be used to subvert limitations on discovery in criminal cases, by either the government or by private parties." McSurely v. McClelland, 426 F.2d 664, 671-72 (D.C. Cir. 1970).  In Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962), cert. denied, 371 U.S. 955 (1963), for example, the court stated that in considering civil stays, judges need to be sensitive to the differences between the policies and objectives of the civil rules of discovery and the criminal discovery rules. Id. at 487.  The court specifically cautioned that a litigant should not be allowed to make use of liberal discovery procedures applicable to civil suits as a method of avoiding criminal discovery restrictions.

likely would determine the outcome of the instant case. The continued need for a stay can be revisited as circumstances may warrant. A proposed Order is attached.

Respectfully submitted,

_/s/_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_/s/_____
WILLIAM R. COWDEN, DC Bar # 426301
LAUREL LOOMIS RIMON
Assistant United States Attorneys
U.S. Attorney's Office, Criminal Division
District of Columbia
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 307-0258

_/s/_____
KIMBERLY KIEFER PERETTI, DC Bar #458726
Senior Counsel
U.S. Department of Justice
Computer Crime and Intellectual Property Section
Criminal Division
1301 New York Ave., NW, Suite 600
Washington, D.C. 20530
(202) 353-4249

**CERTIFICATE OF SERVICE**

 I hereby certify that I caused a copy of the foregoing Motion for a Stay to be served by means of the Court's ECF system on this 23rd day of August 2006 upon claimant's counsel of record.

Mitchell S. Fuerst, Esq.
Andrew S. Ittleman, Esq.
Rodriquez O'Donnel Ross Fuerst
  Gonzalez Williams & England, P.C.
1001 Brickell Bay Drive, Suite 2002
Miami, FL 33131

             /s/_____
             William R. Cowden

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|       Plaintiff, | ) | **Civil Action No. 05-2497 (RMC)** |
| | ) | **ECF** |
|       v. | ) | |
| | ) | |
| **ALL FUNDS ON DEPOSIT IN SUNTRUST ACCOUNT NUMBER XXXXXXXX8359, IN THE NAME OF GOLD AND SILVER RESERVE, INC.,** | ) ) ) ) | |
| | ) | |
|       And | ) | |
| | ) | |
| **ALL FUNDS ON DEPOSIT IN REGIONS BANK ACCOUNT NUMBER XX-XXXX-4851, IN THE NAME OF GOLD AND SILVER RESERVE, INC.,** | ) ) ) ) | |
| | ) | |
|       **Defendants.** | ) ) | |
| | ) | |
| **Gold & Silver Reserve, Inc. d/b/a/**      **OmniPay,** | ) ) | |
|       **Claimant.** | ) ) | |

**O R D E R**

Upon consideration of plaintiff's Motion for a Stay, the Opposition thereto, and the entire record herein, it is this _____ day of _____, 2006 HEREBY Ordered that claimant's motion is GRANTED. This case shall be stayed for six months, although, should circumstances change, the parties may request that this issue be revisited.

 

_____
ROSEMARY M. COLLYER
United States District Judge