5 of 100 DOCUMENTS

**UNITED STATES OF AMERICA, Plaintiff, VS. ALL FUNDS ($ 357,311.68) CONTAINED IN NORTHERN TRUST BANK OF FLORIDA ACCOUNT NUMBER 7240001868, IN THE NAME OF COMMUNITY HOUSING FUND, ET AL., Defendants In Rem.**

**CIVIL ACTION NO. 3:04-CV-1476-G**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**

*2004 U.S. Dist. LEXIS 15590*

**August 10, 2004, Decided
August 10, 2004, Filed**

**DISPOSITION:** [*1] Plaintiff's motion to stay civil forfeiture proceeding denied.

**LexisNexis(R) Headnotes**

*Civil Procedure > Remedies > Forfeitures > General Overview*
*Criminal Law & Procedure > Sentencing > Forfeitures > Proceedings*
*Immigration Law > Enforcement > Civil Liability > Vehicle Forfeiture & Seizure*
[HN1] See *18 U.S.C.S. § 981(g)(1)*.

*Civil Procedure > Remedies > Forfeitures > General Overview*
*Criminal Law & Procedure > Sentencing > Forfeitures > Proceedings*
*Immigration Law > Enforcement > Civil Liability > Vehicle Forfeiture & Seizure*
[HN2] In order to grant a motion to stay under *18 U.S.C.S. § 981(g)(1)*, the court must determine, first, whether a related criminal investigation or prosecution exists and, second, whether civil discovery will "adversely affect" the ability of the Government to conduct that criminal investigation or prosecution were the civil forfeiture case allowed to proceed.

*Criminal Law & Procedure > Discovery & Inspection > Discovery by Defendant > General Overview*
*Criminal Law & Procedure > Trials > Burdens of Proof > Prosecution*

*Criminal Law & Procedure > Sentencing > Forfeitures > Proceedings*
[HN3] There is no presumption that civil discovery, in itself, automatically creates an adverse affect on the Government's related criminal proceeding. On the contrary, the Government must make an actual showing regarding the anticipated adverse affect.

**COUNSEL:** For United States of America, Plaintiff: John J DeLaGarza, III, US Attorney's Office, Dallas, TX.

For Community Housing Fund Inc, by and through its President, Barbara Hildenbrand, Jerry Stone, Claimants: Marlo P Cadeddu, Sorrels & Udashen, Dallas, TX. Gregory A Baldwin, Holland & Knight, Miami, FL.

**JUDGES:** A. JOE FISH, CHIEF JUDGE.

**OPINION BY:** A. JOE FISH

**OPINION:**

**MEMORANDUM ORDER**

Before the court is the motion of the United States (the "Government") to stay this civil forfeiture proceeding during a related criminal investigation, pursuant to *18 U.S.C. § 981(g)(1)*. For the reasons discussed below, the Government's motion to stay is denied.

I. BACKGROUND

This forfeiture case arises from a criminal investigation of Barbara Hildenbrand ("Hildenbrand") and Gerald Stone ("Stone"). Hildenbrand is the President and Chairwoman of the Board of Community Housing Fund, Inc. ("CHF"), "a not-for-profit Texas corporation dedicated to purchasing, rehabilitating and then making available

Case 1:05-cv-02497-RMC   Document 34-2   Filed 10/04/2006   Page 2 of 3

Page 2
2004 U.S. Dist. LEXIS 15590, *

affordable housing to low income persons in Texas and Florida." Claimants' Response in Opposition to Plaintiff's Motion [*2] to Stay, and Brief in Support ("Response") at 1. Stone was the President and owner of a separate construction company, Ranscott Construction, Inc., which was dissolved in 2002. *Id.* From 1996 to 2002, Ranscott was the primary construction firm relied on by CHF. *Id.*

For the past three years, Hildenbrand and Stone have been the subjects of a federal criminal investigation of alleged fraud, theft, and money laundering violations involving CHF. *See* Motion to Stay Civil Forfeiture Case Pursuant to *Title 18, United States Code, Section 981(g)* and Brief in Support ("Motion") P2; Response at 1. As part of its investigation and anticipated prosecution of Hildenbrand, CHF, and Stone, the Government, in February, 2004, seized funds in a bank account belonging to CHF and a yacht belonging to Stone (hereinafter, the "defendant properties"). *See* Motion P3; Response at 2.

On July 8, 2004, the Government filed an *in rem* complaint against the defendant properties, seeking forfeiture of:

> (a) All Funds ($ 357,311.68) contained in Northern Trust Bank of Florida Account Number 7240001868, in the Name of Community Housing Fund; and
>
> (b) One 1964 Rybovich [*3] Yacht, Registration Number D295214, Yacht Name "Shelby Jean", Call Sign WQ4476.

Complaint for Forfeiture ("Complaint") at 1. The very next day, on July 9, 2004, the Government filed this motion to "stay . . . the civil forfeiture proceedings until disposition of the related and underlying criminal investigation." Motion P1. CHF and Stone (the "Claimants"), on the other hand, seek the return of the defendant properties and ask the court to deny the Government's motion. *See* Response at 1, 17-18.

II. ANALYSIS

The Government seeks a stay of this civil forfeiture proceeding against the defendant properties under the authority of *18 U.S.C. § 981(g)(1)*, a part of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, § 8, 114 Stat. 202 (2000). This statute provides:

> [HN1] Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

*18 U.S.C. § 981(g)(1)*. Thus, [HN2] in order to grant [*4] a motion to stay under *section 981(g)(1)*, the court must determine, first, whether a related criminal investigation or prosecution exists and, second, whether civil discovery will "adversely affect" the ability of the government to conduct that criminal investigation or prosecution were the civil forfeiture case allowed to proceed.

In the case *sub judice,* the Claimants concede the existence of a related criminal investigation. Response at 5. However, the Claimants contend that the Government has presented nothing more than conclusory allegations showing that civil discovery will adversely affect the ability of the Government to conduct that investigation. *Id.* at 5-9. The court agrees.

The Government argues that "civil discovery will adversely affect the ability of the government to conduct a related criminal investigation . . . against Hidenbrand and Stone." Motion P9. The Government first asserts that denying the motion to stay will give Hildenbrand and Stone full discovery rights into their criminal investigation before they are formally charged. See *id.* P9. The Government also asserts that permitting discovery would not produce a "fair and equal process," as it would [*5] permit the Claimants to assert their *Fifth Amendment* rights to avoid responding to discovery requests while forcing the Government to fully comply with discovery. *Id.*

However, the Government's arguments do nothing more than speculate about how civil discovery will adversely affect its criminal investigation. Under either of the Government's theories, *every* civil forfeiture case with a related criminal investigation is entitled to a stay. Such speculative and conclusory theories undercut the requirement of *section 981(g) that the Government actually show that civil discovery will adversely affect its ability to conduct the criminal investigation.* [HN3] There is no presumption that civil discovery, in itself, automatically creates an adverse affect on the government's related criminal proceeding. On the contrary, the Government must make an actual showing regarding the anticipated adverse affect. See, *e.g., United States v. All Funds on Deposit in Business Money Market Account No. 028-942059-66 ("All Funds -- New York"), 319 F. Supp. 2d 290, 294 (E.D.N.Y. 2004)* (granting a stay after reviewing a government submission that "demonstrated that allowing civil discovery [*6] to proceed will impede the criminal investigation and prosecution"); *United*

Case 1:05-cv-02497-RMC   Document 34-2   Filed 10/04/2006   Page 3 of 3

Page 3
2004 U.S. Dist. LEXIS 15590, *

*States v. All Funds Deposited in Account No. 200008524845, First Union National Bank ("All Funds -- Wyoming")*, 162 F. Supp. 2d 1325, 1331-33 (D. Wyo. 2001) (granting a stay after reviewing the claimants' existing discovery requests and the government's *ex parte* submissions). The Government has failed to do so here. *

* The concept that the government must make a showing that civil discovery will adversely affect a related criminal proceeding has existed for some time in federal forfeiture law. See *All Funds -- Wyoming, 162 F. Supp. 2d at 1329*. The pre-CAFRA versions of *18 U.S.C. § 981(g)* and *21 U.S.C. § 881(i)* (which is applicable specifically to narcotics forfeiture cases) required the government to show "good cause" for a stay. See, *e.g., In re Ramu Corporation, 903 F.2d 312, 320 (5th Cir. 1990)* (involving former *21 U.S.C. § 881(i)*) ("The government should at least be required to make a specific showing of the harm it will suffer without a stay and why other methods of protecting its interests are insufficient."); *United States v. Four (4) Contiguous Parcels of Real Property, 864 F. Supp. 652, 655 (W.D. Ky. 1994)* (involving former *§ 981(g)* and former *21 U.S.C. § 881(i)*) (finding that the government's allegations regarding potential discovery were insufficient to justify a stay); *United States v. Leasehold Interests in 118 Avenue D, Apartment 2A ("The Leasehold Interests -- New York"), 754 F. Supp. 282, 287 (E.D.N.Y. 1990)* (involving former *21 U.S.C. § 881(i)*) ("Mere conclusory allegations of *potential* abuse or simply the *opportunity* by the claimant to improperly exploit civil discovery . . . will not avail on a motion for a stay.") (emphasis in original). Under *CAFRA, section 981(g)* no longer requires a showing of "good cause," but it still requires the government to show how civil discovery in the forfeiture case will adversely affect the related criminal investigation.

[*7]

Indeed, the Government fails to point to any specific discovery request or abuse that has taken place, and makes no legitimate argument about the prospective ability of Stone or Hildenbrand to engage in discovery that could compromise its related criminal investigation. See *United States v. All Funds on Deposit, etc., 767 F. Supp. 36, 42 (E.D.N.Y. 1991)*. The Government has not shown that civil discovery will compromise the identity of confidential informants or cooperating witnesses. See, *e.g., All Funds -- Wyoming, 162 F. Supp. 2d at 1331-33* (granting a stay after reviewing the claimants' existing discovery requests that could "compromise cooperating witnesses"); see also *All Funds -- New York, 319 F. Supp. 2d at 294*. Nor has the Government shown that the Claimants might abuse the discovery process with overbroad discovery requests. See, *e.g., United States v. Funds Held in the Names or For the Benefit of Wetterer, 138 F.R.D. 356, 360-61 (E.D.N.Y. 1991)* (involving former *§ 981(g)*) (granting a stay after reviewing claimant's overbroad [*8] discovery requests); see also *The Leasehold Interests -- New York, 754 F. Supp. at 288*.

II. CONCLUSION

In sum, the Government has not carried its burden of proving that civil discovery in this civil forfeiture case will adversely affect its criminal investigation of Hildenbrand, CHF, and Stone. *See 18 U.S.C. § 981(g)(1)*. Accordingly, the Government's motion to stay this civil forfeiture proceeding is **DENIED.**

**SO ORDERED.**

August 10, 2004.

A. JOE FISH

CHIEF JUDGE