UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 05-2497 (RMC) |
| ALL FUNDS ON DEPOSIT IN SUNTRUST ACCOUNT NUMBER XXXXXXXX8359, IN THE NAME OF GOLD AND SILVER RESERVE, INC., *et al.*, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR A STAY**

This is a civil forfeiture case in which the Government asks the Court to stay the litigation during the investigation of a companion criminal case. Gold & Silver Reserve, Inc. ("G&SR"), whose assets were seized from two bank accounts in December 2005, opposes the stay. G&SR insists that the parties could stipulate to the necessary facts so that the Court can determine whether its business activities constitute an unlicensed money transmitting business in violation of 18 U.S.C. § 1960, as alleged by the Government. The Government has refused to accept any proposed stipulations because they have been drafted as hypotheticals and are allegedly incomplete. The present question does not concern the nature of G&SR's business but whether the Government has met the requirements of 18 U.S.C. § 981(g)(1), by demonstrating that continuation of the civil case could interfere with the criminal investigation.

A little background is in order. The Complaint in Forfeiture alleges that the defendant

properties are subject to forfeiture under 18 U.S.C. § 981(a) because they constitute property involved in an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960. G&SR has filed Claims of Ownership and an Answer to the Complaint; it maintains that it does not need to be licensed or registered because it is not in the business of transmitting money. Although they have made some efforts, the parties have been unable to agree to stipulations of fact as to how the business operates. G&SR's counsel has indicated that, given the existence of the criminal investigation, he would not permit G&SR's controlling officials to be deposed in the civil case. The United States says that it cannot proceed with the civil case when discovery is so curtailed and, therefore, it requests a stay.

The Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, § 8, 114 Stat. 202 (codified at 18 U.S.C. § 981 (2000)), anticipated this very issue. Section 981(g)(1) provides:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely effect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

18 U.S.C. § 981(g)(1). Two things are obvious from this language: 1) the Government must satisfy the court that civil discovery would adversely affect the criminal case; if so, then 2) the court must grant the stay. Indeed, "civil discovery may not be used to subvert limitations on discovery in criminal cases, by either the government or by private parties." *McSurely v. McClelland*, 426 F.2d 664, 671-72 (D.C. Cir. 1970). However, the government must make an actual showing that civil discovery will adversely affect the investigation or prosecution of a related criminal case. *U.S. v. GAF Financial Servs., Inc.*, 335 F. Supp. 2d 1371, 1373 ((S.D. Fla. 2004); *cf. U.S. v. All Funds ($357,311.68) Contained in N. Trust Bank of Fla. Account*, No. 04-1476, 2004 WL 1834589, at *3-4

(N.D. Tex. Aug. 10, 2004) (motion to stay denied because government did not show that civil discovery would adversely affect its criminal investigation). The parties and the facts of the civil and criminal cases need not be identical but must be similar. *GAF Financial Servs.*, 335 F. Supp. 2d at 1373. Where a criminal investigation and a civil forfeiture action have common facts, similar alleged violations and some common parties, the actions are clearly related. *Id.* Where civil discovery would subject the government's criminal investigation to "early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding," a stay should be granted. *U.S. v. One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005).

The Government has shown that proceeding with civil discovery would adversely affect its criminal investigation.[1] If the civil case continued, the Government would be subject to the breadth of civil discovery from GS&R. Such discovery could compromise any existing confidential informants and/or interfere with the Government's ability to obtain confidential information from others. The Government also states that responding to civil discovery would burden law enforcement officials who are otherwise conducting a contemporaneous criminal investigation.

In response, G&SR presents a host of arguments that assail the way the Government has, and is, pursuing this case. None of them has any bearing on whether civil discovery could interfere with the criminal investigation. For this reason, the Court does not believe oral argument would be helpful to its determination and denies the G&SR request for oral argument. *See* LCvR 7(f) (oral hearing is within court's discretion).

---

[1] The Government's argument that the refusal of officials of GS&R to be deposed would interfere with its *civil* case is not relevant.

Accordingly, it is hereby **ORDERED** that GS&R's motion for a hearing [Dkt. #33] is **DENIED**; and it is

**FURTHER ORDERED** that the Government's motion to stay this case [Dkt. # 29] is **GRANTED**; and it is

**FURTHER ORDERED** that this civil forfeiture case is **STAYED** for a period of six months from the date of this Order. On or before April 12, 2007, the Government shall file a status report.

**SO ORDERED.**

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: October 12, 2006